539 A.2d 890

**COMMONWEALTH of Pennsylvania**

v.

**Michael FETZNER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 16, 1987.

Filed March 21, 1988.

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Paul Susko, Assistant District Attorney, Erie, for Com., appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for statutory rape,[1] corruption of minors,[2] interference with

1. 18 Pa.C.S.A. § 3122.
2. 18 Pa.C.S.A. § 6301.

custody of children,[3] and impersonation of a public servant.[4] Appellant contends that (1) the trial court erred by (a) denying his motion for a mistrial, (b) denying his demurrers to the charges of statutory rape, corruption of minors, and impersonation of a public servant; (2) trial counsel was ineffective for failing to request a pre-trial competency hearing and a pre-sentencing psychiatric evaluation; and (3) the sentencing court (a) abused its discretion by failing to state adequate reasons on the record for his sentence and (b) failed to merge the convictions for statutory rape and corruption of minors for sentencing purposes. After carefully reviewing the record and the briefs submitted by the parties, we conclude that the trial court has adequately disposed of appellant's first contentions relating to trial court error in its opinion and, accordingly, affirm the disposition of those issues on the basis of the court's opinion. *See* Trial Court Opinion of January 7, 1987. For the reasons that follow, we vacate the judgment of sentence and remand the case for the appointment of new counsel and an evidentiary hearing.

On July 5, 1986, appellant was arrested and charged with the above-stated offenses. The charges stemmed from an incident involving appellant's alleged enticement of a thirteen-year-old girl to his home by forging a note to her mother, while posing as a juvenile enforcement officer. Following a jury trial, appellant was found guilty of all charges. After denial of post-trial motions, appellant was sentenced to an aggregate term of eight-to-sixteen years imprisonment. Appellant then filed a motion to modify sentence which the court denied. This appeal followed.

Appellant contends that trial counsel was ineffective for failing to request (a) a pre-trial competency hearing to determine his mental capacity to stand trial, and (b) a pre-sentencing psychiatric evaluation to determine his mental capacity to be incarcerated. Appellant's counsel below was a member of the Erie County Public Defender's Office.

3. 18 Pa.C.S.A. § 2904.
4. 18 Pa.C.S.A. § 4912.

On appeal, appellant is represented by another member of the same office.

Initially, the determination whether counsel rendered ineffective assistance is arrived at through a two-prong test. First, we must ascertain whether the issue underlying the claim of ineffectiveness has arguable merit. *Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). This requirement is based upon the principle that we will not find counsel ineffective for failing to pursue a frivolous claim or strategy. *Commonwealth v. Parker*, 503 Pa. 336, 341, 469 A.2d 582, 584 (1982). Second, if appellant' claim does have arguable merit, we must determine whether "the course chosen by counsel had some reasonable basis designed to serve the best interests of the client." *Commonwealth v. Buehl, supra* (citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 353 (1967)).

If our review of the record reveals that counsel was ineffective, we then must determine whether appellant has demonstrated that counsel's ineffectiveness worked to his or her prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 976 (1987). To determine whether appellant was prejudiced, our Supreme Court adopted the test announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Commonwealth v. Pierce, supra.* Under *Strickland*, to prove that counsel's ineffectiveness resulted in prejudice, an appellant must show that the error was "so serious as to deprive [him or her] of a fair trial, a trial whose result was reliable." *Strickland v. Washington, supra* at 686, 104 S.Ct. at 2063–64.

We note here with importance that appellant's trial and appellate counsel are both members of the same Public Defender's Office. As a general rule, a public defender may not argue the ineffectiveness of another member of that public defender's office who represented the client at a previous stage in the proceedings. *See, e.g., Commonwealth v. Glaze*, 366 Pa.Superior Ct. 517, 520, 531 A.2d 796,

798 (1987). Subsequently, an exception to the general rule was expanded to allow one member of a public defender's office to raise the ineffectiveness of another member of the same office provided that reversible error was apparent on the record. *See Commonwealth v. McNeal,* 261 Pa.Superior Ct. 332, 336, 396 A.2d 424, 426 (1978).

> Whether there is such reversible error here involves the same considerations as are involved in the resolution of the question on the merits: whether appellant's counsel below were [sic] ineffective on the face of the record.

*Id.,* 261 Pa.Superior Ct. at 337, 396 A.2d at 426.

■ Applying this rule to a claim of ineffectiveness of counsel, if, from a review of the record, we can determine that appellant's underlying claim has arguable merit, counsel had no reasonable basis for his or her course of action, and counsel's ineffectiveness prejudiced appellant, we may reverse without a remand for the appointment of new counsel and a hearing on ineffectiveness. *See Commonwealth v. Glaze, supra.* Should the record and the parties' briefs prove to be insufficient to resolve the issue of counsel's ineffectiveness, the case would be remanded to allow appellant to address the ineffectiveness issues. *Commonwealth v. McDonald,* 322 Pa.Superior Ct. 110, 120, 469 A.2d 206, 211 (1983) (case remanded because record at appellate stage was deficient to apprise Court of facts to decide appellant's ineffectiveness of counsel claim).

■ We now turn to the merits of the claim underlying appellant's ineffectiveness argument. Due process of the law requires that an accused be competent before he or she stands trial on a criminal charge. *Commonwealth v. Garnett,* 336 Pa.Superior Ct. 313, 318, 485 A.2d 821, 824 (1984). An accused's competency to stand trial in Pennsylvania is governed by 50 Pa.S.A. § 7402(a):

> Whenever a person who has been charged with a crime is found to be substantially unable to understand the nature or object of the proceedings against him [or her] or to participate or assist in his [or her] defense, he [or she]

shall be deemed incompetent to be tried, convicted or sentenced so long as such capacity continues.

*Id.* The procedural mechanism for such a determination requires that the accused, or the court, itself, on its own motion, request a hearing on the accused's competency to stand trial 50 Pa.S.A. § 7402(d). The final decision rests squarely within the discretion of the trial court. *Commonwealth v. Edward,* 303 Pa.Superior Ct. 454, 460, 450 A.2d 15, 18 (1982) (citing *Commonwealth v. Knight,* 276 Pa.Superior Ct. 348, 419 A.2d 492 (1980)). In exercising this discretion, the court is to undertake a careful and complete inquiry and reach an informed decision based on sufficient evidence of the accused's mental state. *Commonwealth v. Edward, supra.* Where the decision is based on improper or insufficient evidence, the case will be remanded so that the trial court may make an informed decision. *Id.*; *Commonwealth v. Marshall,* 456 Pa. 313, 318 A.2d 724 (1974).

It is just as vital to constitutional principles to safeguard against sentencing an incompetent to incarceration. *Commonwealth v. Moon,* 383 Pa. 18, 22, 117 A.2d 96, 99 (1955). Thus, under Pennsylvania law, a convicted person may have sentencing deferred and be ordered to submit to a mental examination on either the court's initiative or on application of counsel. 50 Pa.S.A. § 7405.

■ Here, our review of the record reveals that the ineffectiveness issues are not sufficiently addressed in either appellant's or the Commonwealth's briefs. Additionally, the record does not disclose any evidence that counsel requested a competency hearing or pre-sentencing psychiatric evaluation. The record is also devoid of any material concerning appellant's mental capacity at the time of the trial and sentencing. The sentencing court, however, made specific reference to appellant's history of mental illness. Before sentencing appellant the court stated the following:

This Court notes that you [the defendant] have been in the past, sir, diagnosed as a schizophrenic and you do have a lengthy history of involvement with various organizations because of your mental health problems, that

involvement is with Children's Services, Hamot Mental, the Sarah Reed Home, and Warren State Hospital and other mental health institutions. What is significant about all of that, sir, is it appears that your problems are still severe and significant.

Sentencing Transcript January 12, 1987 at 7. Prior to sentencing, it appears from the record that the foregoing information was not given any consideration by either appellant's trial counsel or the court in determining whether appellant was competent to stand trial.

The deficiency in the record and the inadequate briefing on the part of appellate counsel renders it an impossibility to determine if appellant's ineffectiveness of counsel claims have arguable merit. However, because trial and appellate counsel are members of the same public defender's office and reversible error is not apparent on the face of the record, "it cannot be assumed that appellate counsel [provided] the zealous advocacy to which appellant is entitled." *Commonwealth v. Gardner,* 480 Pa. 7, 10, 389 A.2d 58, 59 (1978) (citing *Commonwealth v. Patrick,* 477 Pa. 284, 287, 383 A.2d 935, 936 (1978) (quoting *Commonwealth v. Fox,* 476 Pa. 475, 479, 383 A.2d 199, 200 (1978)). We reiterate that the record and briefs at this stage are insufficient to resolve the ineffectiveness of counsel issues appellant raises and that this Court cannot apprise the facts of this case within the framework of the law. *See, e.g., Commonwealth v. McDonald, supra.* Accordingly, under these circumstances, we must remand the case for appointment of new counsel not associated with the Public Defender's Office of Erie County, *see Commonwealth v. Glaze, supra* and remand for an evidentiary hearing to allow appellant to address these issues, *see Commonwealth v. McDonald, supra* (in the interest of judicial economy appellant allowed to raise ineffectiveness claims at hearing because judicial delay would result by directing appellant to file a PCHA petition to raise ineffectiveness claims).

Appellant next contends that the trial court abused its discretion at sentencing by failing to articulate adequate

reasons on the record for the sentence it imposed upon appellant. We disagree.

■ It is well-settled law that sentencing is within the broad discretion of the court. *Commonwealth v. DeCaro*, 298 Pa.Superior Ct. 32, 43, 444 A.2d 160, 166 (1982). At the time of sentencing, however, the court must articulate, on the record, its reasons for the sentence imposed. *Commonwealth v. Riggins*, 474 Pa. 115, 122, 377 A.2d 140, 143 (1977). In this analysis, the sentencing court must consider the sentencing alternatives, the nature and circumstances of the offense, and character of the offender. Pa.R.Crim.P. 1405(b); *Commonwealth v. Riggins, supra.*

■ Here, it is clear from an examination of the record that the court properly stated adequate reasons for imposition of appellant's sentence. *See* Sentencing Transcript January 12, 1987 at 6–13. Moreover, appellant concedes in his brief that the court specifically stated the circumstances that he considered warranted the sentence. Brief for Appellant at 40. The sentencing court stated:

> The Court notes, as defense counsel has set forth, that the defendant not only has a prior record score of zero in the guidelines but, in fact, has no prior record as a juvenile or adult; for the Court's consideration, that is certainly in the defendant's favor.
>
> Beyond that, however, the Court finds little in the defendant's favor in the presentence report, the circumstances of this incident, or any of the background information that this Court has before it.

Sentencing Transcript January 12, 1987 at 7. Thereafter, the court gave ample consideration to the character of the appellant, the seriousness of the offense, and the surrounding circumstances. *Id.* at 7–13. Accordingly, appellant's claim that the court failed to adequately state, on the record, reasons for the sentence imposed upon appellant is meritless.

Appellant's final contention alleges that the court erred in failing to merge his convictions for statutory rape and

corruption of minors for sentencing purposes.[5]  Essentially, appellant alleges that the two convictions amount to a single criminal act and thus, should have merged for sentencing purposes.  The Commonwealth, in its brief, argues that appellant has waived his merger claim because he did not preserve the issue by raising it in the court below. Brief for Appellee at 13.

■  At·the outset, we must determine whether appellant has failed to preserve his merger claim for appellate review. This court, en banc, held that,

[t]he question of the legality of multiple sentences based on a claim that the convictions should have merged for sentencing, is not waived by the failure to raise it in the trial court.  This is because multiple sentences for a single criminal act are unlawful and are beyond the power of the trial court.

*Commonwealth v. Campbell,* 351 Pa.Superior Ct. 56, 63, 505 A.2d 262, 263 (1986).  Because appellant's claim that the lower court erred in failing to merge two convictions goes to the legality of the sentence, such a claim cannot be waived.  *Id.*  Thus, we cannot deny appellate review and will address the merits of appellant's claim.

■  "The doctrine of merger has been invoked to limit duplicitous sentencing where one crime 'necessarily involves' another, *Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973); *Commonwealth ex rel. Moszcynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941), or where a defendant committed what in effect amounts to a single criminal act, *Commonwealth v. Crocker,* 280 Pa.Superior Ct. 470, 421 A.2d 818 (1980)." *Commonwealth v. Sayko,* 511 Pa. 610, 614, 515 A.2d 894, 896 (1986).

To determine if separate statutory offenses merge, the court must examine whether the "crimes arose out of the

5. Statutory rape, 18 Pa.C.S.A. § 3122, is defined as a felony of the second degree and carries a maximum penalty of 10 years imprisonment.  Whereas, corruption of minors, 18 Pa.C.S.A. § 6301, is defined as a misdemeanor of the first degree and carries a penalty of three-to-five years imprisonment.

same criminal act, transaction, or episode [and] also that the statutes defining the crimes charged were directed to substantially the same harm or evil." *Commonwealth v. Williams*, 344 Pa.Superior Ct. 108, 143, 496 A.2d 31, 50 (1985) (en banc). Our Court has consistently held that a conviction for corruption of a minor is "a lesser included offense and is therefore merged into a statutory rape conviction where the jury finds a defendant guilty on both [charges]." *Commonwealth v. Stafford*, 307 Pa.Superior Ct. 278, 283, 453 A.2d 351 (1982) (citing *Commonwealth v. Reidenbaugh*, 266 Pa.Superior Ct. 315, 404 A.2d 697 (1978); *Commonwealth v. Cox*, 209 Pa.Superior Ct. 457, 228 A.2d 30 (1967)). *See also Commonwealth v. Samuels*, 354 Pa. Superior Ct. 128, 157, 511 A.2d 221, 236 (1986), rev'd on other grounds, 516 Pa. 300, 532 A.2d 404 (1987). Therefore, it is error for a court to impose two distinct and separate sentences for crimes that were directed at substantially the same harm and arose out of the same criminal act. *Commonwealth v. Williams, supra* ; *Commonwealth v. Reidenbaugh, supra.*

Here, the information clearly indicates that appellant was charged with corrupting a minor because he allegedly engaged in sexual intercourse with the minor victim. *See* Record at 4. The same evidence was introduced at trial for prosecuting the charge of corruption of minors, as was statutory rape. Notes of Testimony November 20, 1986 at 69–79 and November 21, 1986 at 58. Appellant was convicted of both statutory rape and corruption of a minor and the crimes should have merged for sentencing purposes. *See, e.g., Commonwealth v. Stafford, supra.* The court, however, sentenced appellant to a four-to-eight-year term of imprisonment for statutory rape and a two-to-four-year term of imprisonment for corruption of minors, to run consecutively to each other. Because the convictions for corruption of minors and statutory rape arose from the same criminal act and are factually integrated, it was error for the trial court not to merge the two convictions for sentencing purposes. *See, e.g., Commonwealth v. Williams, supra; Commonwealth v. Reidenbaugh, supra.*

480

Accordingly, the judgment of sentence for corruption of minors, which is the lesser included offense, is vacated.

For the foregoing reasons, we vacate the judgment of sentence for corruption of minors. On the remaining convictions, the judgment of sentence is vacated and remanded for appointment of new counsel and an evidentiary hearing on counsel's ineffectiveness claims. If counsel is found to be ineffective, a new trial should be granted. If counsel is found not to be ineffective, the remaining judgment of sentence should be reinstated. Jurisdiction relinquished.

Judgment of sentence for corruption of minors vacated.

Judgment of sentence for the remaining convictions is vacated and the case is remanded for proceedings consistent with this Opinion. Jurisdiction is relinquished.