**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Edward Arnold KISNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 1999.

Filed Aug. 16, 1999.

Kevin G. Sasinoski, Public Defender, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before EAKIN and ORIE MELVIN, JJ., and CERCONE, President Judge Emeritus.

EAKIN, J.:

¶ 1 Edward Arnold Kisner, charged with attempted rape, attempted involuntary deviate sexual intercourse (IDSI), indecent assault, unlawful restraint and terroristic threats, waived his right to a jury. Convicted of all charges, the judge sentenced him to six to twelve years imprisonment for attempted rape, and five years consecutive probation for attempted IDSI; no penalty was imposed for the remaining convictions. Appellant now claims trial counsel was ineffective for failing to object to an inadequate jury waiver colloquy, and contends the court illegally sentenced him for a first degree felony, when the information and the waiver colloquy graded this offense a second degree felony, for which the maximum sentence is ten years.[1]

¶ 2 Appellant claims his sentence is illegal because the trial court imposed a sentence higher than that charged in the information and set forth in the waiver colloquy. Inquiry into the legality of a sentence is a non-waivable matter, so the issue is properly before us. *Common-*

---

1. Prior to 1995, an attempt to commit a first degree felony (such as rape) was a second degree felony. 18 Pa.C.S. § 905(a) (previous form). Effective May 8, 1995, Section 905(a) was amended to make such attempts first degree felonies. When appellant was charged in 1996, the rape attempt was a first degree felony carrying a maximum penalty of twenty years.

*wealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235, 1238 (1994), *appeal dismissed,* 544 Pa. 183, 675 A.2d 711 (1996). The Commonwealth concedes the charge of attempted rape was incorrectly graded in the information and in the jury waiver colloquy. That the court misspoke is understandable—the Commonwealth misgraded the crime on the document from which the court took the charges. That the Commonwealth erred is understandable, as the amendment regrading the crime was new; had this crime come a year earlier, it would have been a second degree felony. No motion to amend the information was made, and the misinformation in the colloquy was never brought to appellant's attention before verdict.

¶ 3 The purpose of the information is to advise the accused of the allegations and the crimes charged, to give sufficient notice to allow the opportunity to prepare a defense, and to define the issues for trial. *Commonwealth v. Soboleski*, 421 Pa.Super. 311, 617 A.2d 1309, 1312 (1992), *appeal denied,* 535 Pa. 661, 634 A.2d 224 (1993). The grading of the offense is not an element thereof; if an erroneous grading is included in an information, the sentencing court is not bound to sentence according to the error, but may sentence in accordance with the true grading of the crimes alleged and proven. That is, if the elements of a first degree felony are averred and proven, but an erroneous labeling of second degree felony is in the information, the court may sentence as a first degree felony.

¶ 4 Like an information, the purpose of the waiver colloquy is not connected to the grade of the offense; the colloquy has to do with the important constitutional right to a trial by a jury, not the grade of the crime. We find no authority requiring a court to mention penalty at all when conducting an examination of the accused before accepting the waiver. *See* Pa.R.Crim.P. 1101. Given the distinct purpose of the colloquy, we see no reason to create such an inapplicable requirement. On similar reasoning, in *Commonwealth v. Scott*, 345 Pa.Super. 86, 497 A.2d 656 (1985), we held an erroneous colloquy was not void, where the judge stated the maximum penalty for third degree murder was twenty years; the judge did not know of prior murder convictions which enhanced the potential sentence to life imprisonment, and the defendant knew of the potential for a life sentence. As the error did not affect the purpose of the colloquy, it did not affect its validity, and no relief was in order. A similar analysis is called for here.[2]

¶ 5 However, this case went to trial immediately afterward, and all concerned believed they were dealing with a second degree felony only. While the error was in the colloquy, that colloquy effectively introduced the trial itself in this case. Put another way, the colloquy was not fundamentally flawed so as to require it be stricken (which would render the consequent trial a nullity), but as the immediate trial was expressly stated by the court to be conducted on a felony of the second degree charge, both court and Commonwealth locked themselves in to that maximum. The court said the trial was on a felony-two, trial proceeded on a felony-two, and the conviction was pronounced without correction, for that same felony-two; accordingly, sentencing should have been on a felony-two. Absent an amendment to the information, or a corrective statement by the court before verdict, appellant should have been sentenced in accordance with the grade specified by both the information and the trial court during the colloquy, error or not. Accordingly, we must

---

**2.** Unlike the information, prepared by the Commonwealth, the colloquy comes from the court; it is presumptively an accurate description of rights and procedures. If the inaccuracy affected appellant's decision to waive a jury, a claim of ineffective counsel might require a different analysis, but such an allegation is not before us.

vacate the judgment of sentence and remand for resentencing.[3]

¶ 6 Appellant has also challenged counsel's effectiveness in connection with the jury waiver, for reasons other than the erroneous grading. Counsel from the Allegheny County Public Defender's Office represented appellant at the waiver colloquy and at trial; on appeal, his counsel is also from that office. In *Commonwealth v. Ciptak*, 542 Pa. 112, 665 A.2d 1161 (1995), our Supreme Court held:

As a general rule, a public defender may not argue the ineffectiveness of another member of the same public defender's office since appellate counsel, in essence, is deemed to have asserted a claim of his or her own ineffectiveness. When appellate counsel asserts a claim of his or her own ineffectiveness, the case should be remanded so that new counsel may be appointed except (1) where, it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless.

*Ciptak*, at 1161–62 (citations omitted); *see also Commonwealth v. Green*, 551 Pa. 88, 709 A.2d 382 (1998); *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977).

¶ 7 Here, it is not apparent on the face of the record that trial counsel was ineffec-

tive; conversely, it is not clear the colloquy was sufficient. The only thing clear from the transcript is that different people were talking at once, such that the stenographer clearly did not capture all the judge's words; the lengthy delay in transcription of the colloquy undoubtedly contributed to its patchwork appearance as well.

¶ 8 Accordingly, we remand the matter for appointment of new appellate counsel not associated with the public defender's office. After resentencing, counsel may either file a post-sentence motion within ten days or a direct appeal within thirty days.[4] If a post sentence motion is filed, the trial court may conduct such hearing as is deemed necessary to address claims properly preserved.

¶ 9 Judgment of sentence vacated; case remanded for appointment of counsel, and for resentencing. Jurisdiction relinquished.

¶ 10 ORIE MELVIN, J., concurs in the result.

---

**3.** Our order necessarily vacates the whole sentence, not just the portion dealing with attempted rape. *Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super.1999). The trial court elected *not* to impose a penalty for indecent assault, unlawful restraint and terroristic threats, and imposed no prison term for the attempted IDSI conviction, which was also misgraded as a second degree felony; however, the court did so under the mistaken apprehension discussed above. So as not to disrupt its overall scheme, upon resentencing, the trial court may of course choose to impose sentence on these other counts; the aggregate may be equal to or greater than the sentence originally imposed, provided any increase is not the result of judicial vindictiveness. *See Commonwealth v. Serrano*, 727

A.2d 1168 (Pa.Super.1999); *Commonwealth v. Walker*, 390 Pa.Super. 76, 568 A.2d 201 (1989), *appeal denied*, 527 Pa. 645, 593 A.2d 418 (1990).

**4.** Appellant may receive a new trial if trial counsel's ineffectiveness allowed an inadequate waiver colloquy. Of course, this would allow the Commonwealth to petition pre-trial to amend the information to reflect the proper grading for attempted rape and IDSI, and the error in the waiver colloquy would be gone. Appellant's successful challenge to the sentence he already has could ironically revive the first degree felonies and increase his exposure dramatically. One must always be careful what one wishes for.