**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Walter SMITH, Appellant.**

**Commonwealth of Pennsylvania,
Appellee,**

v.

**Earnest Gatling, Appellant.**

Superior Court of Pennsylvania.

Argued April 17, 2000.

Filed March 13, 2001.

---

David Zuckerman, Public Defender, John P. Cotter, Philadelphia, for Gatling.

Karl Baker and John Packel, Public Defenders, Philadelphia, for Smith.

Michael Morse and Catherine L. Marshall, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before McEWEN, P.J., DEL SOLE, HUDOCK, EAKIN, JOYCE, STEVENS, MUSMANNO, ORIE MELVIN, and TODD, JJ.

TODD, J.:

¶ 1 The central issue in these consolidated appeals is whether the offenses of statutory sexual assault[1] and corruption of minors[2] merge for sentencing purposes.[3] As set forth below, while the two offenses by their elements do not necessarily merge for sentencing purposes, under the facts of these cases we hold that the sentences should have merged. Accordingly, we are constrained to vacate the judgments of sentence and remand each case for resentencing in accordance with this Opinion.

■ ¶ 2 Any merger analysis necessarily employs not only close examination of the precise words of the statutes involved, but also "must proceed on the basis of its facts." *Commonwealth v. Anderson*, 538 Pa. 574, 582 n. 3, 650 A.2d 20, 24 n. 3 (1994). Accordingly, we will recite the relevant facts regarding each appeal.

### Smith Facts

¶ 3 Walter Smith's convictions stem from an incident on October 18, 1996 that began when C.B., a then thirteen-year-old family friend and neighbor, went to Smith's house and requested a ride to her stepmother's house. Smith, then 34 years old, agreed to the request and picked up C.B. for the ride a short time later. While en-route, C.B. testified that Smith drove to a parking lot, parked his car, locked the car doors, lowered C.B.'s seat and asked her repeatedly to engage in sexual intercourse with him. C.B. refused, but Smith nonetheless climbed on top of her in her seat and forced her to engage in sexual intercourse. Smith then drove C.B. to her stepmother's house.

¶ 4 A jury convicted Smith of statutory sexual assault and corruption of a minor, but acquitted him of rape.[4] Thereafter, the Honorable Patricia A. McInerney of the Court of Common Pleas of Philadelphia County sentenced Smith to eleven and one half to twenty three months imprisonment for statutory sexual assault to be followed by five years consecutive probation for corruption of a minor. This timely appeal followed.

### Gatling Facts

¶ 5 The incidents that gave rise to Earnest Gatling's convictions occurred in 1996 when the victim, J.N., was eleven years old. Gatling, then 27 years old, was a guest in J.N.'s family's home, staying in the basement. On the first occasion in September 1996, Gatling called J.N. to the basement and told her to lie face down on the couch. Gatling then climbed on top of her and, while both were fully clothed, began pushing against her buttocks with his penis for four to five minutes.

¶ 6 The second incident occurred in mid-October 1996 when Gatling again called J.N. to the basement, told her to lie face down on the couch, climbed on top of her, and rubbed his penis against her buttocks. On this occasion, however, Gatling then told the girl to turn over, whereupon he

---

1. 18 Pa.C.S.A. § 3122.1. Our Supreme Court recently upheld the constitutionality of this statute. *See Commonwealth v. Albert*, 563 Pa. 133, 144–45, 758 A.2d 1149, 1155 (2000).

2. 18 Pa.C.S.A. § 6301.

3. As discussed below, Smith and Gatling each raises another issue in his appeal.

4. 18 Pa.C.S.A. § 3121.

pulled down her pants, then his own, and proceeded to have sexual intercourse with her.

¶ 7 Gatling was convicted of one count each of statutory sexual assault and indecent assault,[5] and of two counts of corruption of a minor in a bench trial before the Honorable Myrna P. Field of the Court of Common Pleas of Philadelphia County.[6] Judge Field then sentenced Gatling to twenty-one to forty-two months incarceration on the statutory sexual assault charge followed by a consecutive term of six to twelve months imprisonment on the corruption of a minor charge arising out of the October incident. The sentences on the remaining charges were suspended without further penalty. Gatling's post-sentence motions were denied on January 16, 1998 and this timely appeal followed.

### Merger of Sentences

¶ 8 We granted *en banc* consideration because the issue of whether statutory sexual assault and corruption of a minor merge for sentencing purposes is an issue of first impression before the appellate courts of this Commonwealth.[7] As this is a question of law, we exercise plenary review. *Commonwealth v. Wetton*, 405 Pa.Super. 1, 591 A.2d 1067, 1071 (1991), *aff'd* 537 Pa. 100, 641 A.2d 574 (1994).

¶ 9 While we address here a question of first impression, the broad issue of merger frequently is before the appellate courts of this Commonwealth and we must follow the analytical framework dictated by our Supreme Court's prior jurisprudence. The Supreme Court has noted that:

> The question of when sentences should merge is not an easy problem.... Analytically, the problem concerns whether a single criminal plan, scheme, transaction or encounter, which may or may not include many criminal acts, may constitute more than one crime, and if it may constitute several crimes, whether each criminal conviction may be punished separately or whether the sentences merge.

*Anderson*, 538 Pa. at 576–77, 650 A.2d at 21.

¶ 10 In *Anderson*, the Court further noted that "the doctrine of merger is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction." *Id.* at 577, 650 A.2d at 21. When the legisla-

---

**5.** 18 Pa.C.S.A. § 3126(a)(7).

**6.** Gatling was adjudicated not guilty of rape, 18 Pa.C.S.A. § 3121, endangering the welfare of a child (two counts), 18 Pa.C.S.A. § 4304, and indecent assault. In addition, the Commonwealth withdrew two counts each of simple assault, 18 Pa.C.S.A. § 2701, reckless endangerment, 18 Pa.C.S.A. § 2705, false imprisonment, 18 Pa.C.S.A. § 2903, and unlawful restraint, 18 Pa.C.S.A. § 2902, and one count each of indecent exposure, 18 Pa. C.S.A. § 3127, and voluntary deviate sexual intercourse, 18 Pa.C.S.A. § 3124.

**7.** We recognize that this Court previously determined in *Commonwealth v. Fetzner*, 372 Pa.Super. 469, 539 A.2d 890 (1988), that the now-repealed offense of statutory rape, 18 Pa.C.S.A. § 3122 (repealed 1995), merged with corruption of a minor. This decision is not binding upon us, however, as this Court sitting en banc may overrule the decision of a three-judge panel of this Court. *See Commonwealth v. Lewis*, 295 Pa.Super. 61, 440 A.2d 1223, 1224 (1982) (en banc). Moreover, the offense of statutory rape at issue in *Fetzner* differs in its statutory elements from statutory sexual assault. Thus, *Fetzner* is not directly on point. Finally, the test applied in *Fetzner* to determine if the offenses merged— whether the crimes arose out of the same criminal episode and whether the crimes charged were directed to substantially the same harm—has been supplanted by more recent pronouncements of the Supreme Court of Pennsylvania, as set forth below.

ture has not provided guidance, as is the case with statutory sexual assault and corruption of a minor, the courts must make this determination. *See id.* As our courts often have repeated, the concern is "to avoid giving criminals a 'volume discount' on crime." *Id.* at 579, 650 A.2d at 22.

¶ 11 In *Anderson,* the appellant was convicted of aggravated assault, attempted murder and possession of an instrument of crime based on a single shooting which left the victim a quadriplegic. The appellant in *Anderson* argued that the sentences for aggravated assault and attempted murder should merge and the Court agreed. *See id.* at 583, 650 A.2d at 24.

¶ 12 The Court reasoned that "the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." *Id.* at 579, 650 A.2d at 22. The Court noted:

> Our inquiry ... is whether the elements of the lesser crime are all included within the elements of the greater crime, and the greater offense includes at least one additional element which is different, in which case the sentences merge, or whether both crimes require proof of at least one element which the other does not, in which case the sentences do not merge.

*Id.* at 582, 650 A.2d at 24 (footnotes omitted). Thus, the Court concluded:

> It is clear that the offense of aggravated assault is necessarily included within the offense of attempted murder; every element of aggravated assault is subsumed in the elements of attempted murder.

The act necessary to establish the offense of attempted murder—a substantial step towards an intentional killing—includes, indeed coincides with, the same act which was necessary to establish the offense of aggravated assault, namely, the infliction of serious bodily injury. Likewise, the intent necessary to establish the offense of attempted murder—specific intent to kill—is greater than and necessarily includes the intentional, knowing or reckless infliction of serious bodily injury, the intent required for aggravated assault, ... Inasmuch as aggravated assault, the lesser offense, contains some, but not all the elements of the greater offense, attempted murder, the two offenses merge for purposes of sentencing.

*Id.* at 583, 650 A.2d at 24 (citation omitted).

¶ 13 To the extent that its analysis in *Anderson* appeared to focus solely on the statutory elements of each offense,[8] the Court clarified in *Commonwealth v. Comer,* 552 Pa. 527, 716 A.2d 593 (1998) that the facts underlying each conviction must be considered as well.[9] Therein, the Court specifically rejected an interpretation of *Anderson* as permitting a merger analysis based on a comparison of the statutory elements alone "without considering the underlying factual circumstances", stating that such an analysis "ignores the context in which the *Anderson* rule was created." *Id.* at 537–38, 716 A.2d at 599.

¶ 14 The Court explained:

> In *Anderson,* the defendant committed one criminal act; he shot the victim and

---

**8.** As noted above, however, the Court in *Anderson* did state that each merger analysis necessarily is fact-specific. *Id.* at 582 n. 3, 650 A.2d at 24 n. 3.

**9.** We note that the Supreme Court most recently in *Commonwealth v. Collins,* —— Pa.

——, ——, 764 A.2d 1056, 1059 (2001) determined that homicide by vehicle, 75 Pa.C.S.A. § 3732, and homicide by vehicle/DUI, 75 Pa. C.S.A. § 3735(a), do not merge because their statutory elements are mutually exclusive.

critically injured her. In determining whether the single criminal act could support multiple sentences for attempted murder and aggravated assault, we examined whether the elements of the lesser included offense were a necessary subcomponent but not a sufficient component of elements of the other crime. *Id.* at 538, 716 A.2d at 599. The Court then stated, "[i]n *Anderson*, we found that the offenses of attempted murder and aggravated assault did not require proof of a fact which the other did not." *Id.* at 539, 716 A.2d at 599.

¶ 15 On that basis, the Court went on to conclude that the appellant in *Comer*, who drove his vehicle into a bus stand while under the influence of alcohol and drugs, hitting two bystanders and killing one of them, could not be sentenced separately for both involuntary manslaughter and homicide by vehicle. *Id.* at 530–31, 536–38, 716 A.2d at 595, 598–99. The Court held that the offenses merged for sentencing purposes under the facts of that case because:

> Appellant's act of recklessly driving his vehicle into the SEPTA bus stand supports both the general element of the 'commission of a reckless act' of involuntary manslaughter and the specific requirement of a Vehicle Code violation of homicide by vehicle. Thus, the elements of homicide by vehicle as charged are subsumed in the elements of involuntary manslaughter and neither offense requires proof which the other does not.

*Id.* at 539, 716 A.2d at 599 (footnote omitted). In doing so, the Supreme Court specifically rejected this Court's conclusion that "homicide by vehicle is not a lesser included offense of involuntary manslaughter since it requires an additional element, a violation of the Vehicle Code," and that "involuntary manslaughter is not a lesser included offense of homicide by vehicle

since it requires a higher degree of culpability." *Id.* at 539, 716 A.2d at 599.

¶ 16 Given this framework, we now turn our attention to the particular statutes at issue in these cases and then to their application to the underlying facts. As relevant to these actions, the offense of corruption of a minor is defined as "[w]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age ... commits a misdemeanor of the first degree." 18 Pa.C.S.A. § 6301(a)(1). The statute further provides that no adjudication of delinquency is required, 18 Pa.C.S.A. § 6301(b), that the actor's knowledge of the minor's age shall be presumed, 18 Pa.C.S.A. § 6301(c), and that mistake of age is not a defense if the minor is under 16 years of age. 18 Pa. C.S.A. § 6301(d)(1). The offense of statutory sexual assault is defined as follows:

> Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1.

¶ 17 For the offense of corruption of a minor, the statute is clear from its plain language that it seeks to prevent corruption of minors. The statute does not specify the nature of the corruption, nor limit its protective scope to sexual matters. In contrast, the statutory sexual assault statute, by its plain language, seeks to prevent only sexual intercourse between persons under the age of 16 and those four or more years older than the minor. By their statutory elements alone, therefore, the offense of corruption of a minor is not necessarily a lesser-included offense of

statutory sexual assault. In the proper case, therefore, we hold that these two statutes, statutory sexual assault and corruption of a minor, do not necessarily merge, and convictions for both of these offenses may support separate sentences. Our Supreme Court has made clear, however, that we may not rest on the statutory analysis alone. Accordingly, we must proceed to apply the facts of these cases to the statutory elements to determine whether the sentences should have merged in each of these cases.

### Smith Merger Analysis

¶ 18 Under the above analysis, the facts as testified by the victim in this case, if properly submitted to the jury and believed by it, could have supported separate sentences for statutory sexual assault and corruption of a minor. Specifically, C.B. testified that Smith had asked her twice if she would engage in intercourse voluntarily. (N.T. Trial, 2/10/98, at 46–47.) If proven beyond a reasonable doubt, Smith's attempt to entice C.B. to consent to intercourse would have met the statutory requirements to support a conviction for corruption of a minor. Conversely, this conduct would not be relevant to the conviction for statutory sexual assault because consent is not a defense to that crime.

■ ¶ 19 The difficulty in the present case is that the jury was not given the opportunity to consider this possibility. In her charge to the jury on the elements of corruption of a minor, the trial court specifically instructed the jury that:

In order to find the defendant guilty of the crime of corrupting a minor you must be satisfied that the following three elements have been proven beyond a reasonable doubt:

First, that the defendant *by the act of having sexual intercourse* corrupted or tended to corrupt the morals of [C.B.].

Second, that the defendant was at the time eighteen years or older.

And, third, that [C.B.] was at the time less than eighteen years old.

(N.T. Trial, 2/11/98, at 75 (emphasis added).) By so doing, the trial court tied the factual findings necessary for Smith's conviction for corruption of a minor to the act of intercourse. The same act necessarily supports the conviction for statutory sexual assault. Thus, under the facts of this case, the sentences for statutory sexual assault and corruption of a minor must merge because the elements of corruption of a minor, as submitted to the jury, were subsumed within the elements of statutory sexual assault and "neither offense requires proof which the other does not." *Comer,* 552 Pa. at 537, 716 A.2d at 599. Accordingly, we are compelled to vacate Smith's judgment of sentence and to remand for resentencing in accordance with this Opinion.

### Gatling Merger Analysis

¶ 20 The facts underlying Gatling's convictions for statutory sexual assault and corruption of a minor arising out of the October 1996 incident compel a similar conclusion on the issue of merger.[10] J.N. testified about the events that comprised the October incident as follows:

The second time he called me in the basement, and he told me to lay on my stomach. And then that's when he started [grinding] me, and then that's

---

10. Although Gatling did not raise this issue in his Statement of Matters Complained of on Appeal, this issue properly is before us. *See Commonwealth v. Campbell,* 351 Pa.Super. 56, 505 A.2d 262, 265 (1986) (en banc) ("The question of the legality of multiple sentences, based on a claim that the convictions should have merged for sentencing, is not waived by the failure to raise it in the trial court.").

when he told me to turn around. And then he pulled my pants down, and he pulled his down and his [penis] was touching my vagina.

(N.T. Trial, 4/7/97, at 34.) J.N. further testified that Gatling then completed the act of intercourse and that the entire incident had occurred during a period of four or five minutes. (*Id.* at 36, 72.) Thus, the entire incident consisted solely of the brief continuum of Gatling's sexual contact with the victim.

█ ¶ 21 We emphasize that neither the fact that these events occurred during a single encounter, nor the shortness of the time span is determinative in the present case. Instead, our analysis turns on the fact that during the October incident, Gatling, like the appellants in *Anderson* and *Comer,* committed a single criminal act. Thus, the sentences for statutory sexual assault and corruption of a minor arising out of the October incident must merge. Accordingly, we are constrained to vacate Gatling's judgment of sentence [11] and remand for resentencing.[12]

### Amendment of Information as to Smith

█ ¶ 22 Smith also argues that the trial court erred by permitting the Commonwealth to amend the bill of information to add the charge of statutory sexual assault after it had rested its case and the defense had demurred. The trial court noted in its opinion that the original information charged Smith with statutory rape under the former 18 Pa.C.S.A. § 3122,[13] but that the offense occurred in October 1996, after the effective date of the repeal of that section and its simultaneous replacement with the statutory sexual assault provision codified at 18 Pa.C.S.A. § 3122.1. (Trial Court Opinion, 8/13/98, at 2.) On that basis, Smith moved for a judgment of acquittal after the Commonwealth had rested its case. (*Id.*) The trial court denied Smith's motion and granted the Commonwealth's motion to amend the information. (*Id.*) The trial court noted, however, that:

Although amendment was allowed on the record, since it was late, the term "statutory rape" remained on the bills and verdict sheet. The jury had already heard the defendant plead not guilty to the charge of "statutory rape." Off the record, but in conference with counsel, we determined more confusion of the jury would result if we changed the title of the offense charged than if we did not. The charge read to the jury for

11. In his appeal, Gatling argues as well that the trial court erred in sentencing him to an aggregate term of confinement above the aggravated range of the sentencing guidelines when there were no aggravating circumstances. Because we are compelled to vacate the judgment of sentence and remand for resentencing, we need not reach Gatling's alternative arguments regarding the legality of his sentence.

12. In its original sentencing scheme, the trial court chose not to sentence Gatling on either of the convictions arising out of the September incident. Because we have vacated that sentence, on remand the trial court may or may not choose to impose sentence on these other convictions. The new aggregate sen-

tence may be less than, equal to or greater than the sentence originally imposed. *See Commonwealth v. Kisner,* 736 A.2d 672, 675 n. 3 (Pa.Super.1999). Under the analysis set forth above, however, sentences for indecent assault and for corruption of a minor based on the September incident necessarily would merge with each other, although not with any sentence imposed for convictions arising out of the October incident.

13. This section provided that "[a] person who is 18 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person not his spouse who is less than 14 years of age." 18 Pa.C.S.A. § 3122 (repealed March 31, 1995, effective 60 days thereafter).

this offense was referred to as both statutory rape and statutory sexual assault and was in fact the suggested standard jury instruction for statutory sexual assault.

(*Id.* at 3 n. 5.)

■ ¶ 23 The decision to permit amendment of a bill of information "is a matter within the discretion of the trial court, and only an abuse of discretion will constitute reversible error." *Commonwealth v. Small,* 559 Pa. 423, 450, 741 A.2d 666, 681 (1999) (trial court did not err in permitting Commonwealth to amend information in capital murder case to include charge of attempted rape as the underlying felony for second degree murder charge after rape charge had been dismissed for lack of evidence of penetration), *cert. denied,* —— U.S. ——, 121 S.Ct. 80, 148 L.Ed.2d 42 (2000).

■ ¶ 24 The trial court correctly stated that the standard for amendment of a bill of information is set forth in Rule 229 of Pennsylvania's Rules of Criminal Procedure. Rule 229 provides:

> The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any propriety, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

(Pa.R.C.P.229.) On its face, therefore, Rule 229 would appear to prohibit the amendment permitted by the trial court in this case. It is well-settled, however, that "caselaw sets forth a broader test for propriety of amendments than the plain language of the rule suggests; ... [A]n amendment to an information must not deny a defendant due process, the relevant component of which is adequate no-

tice...." *Commonwealth v. Mosley,* 401 Pa.Super. 537, 585 A.2d 1057, 1060 (1991) (en banc) (citation omitted).

¶ 25 We have noted that "[t]he purpose of Rule 229 is to insure that a defendant is notified of the charges against him, and to avoid prejudice by prohibiting last minute additions of which the defendant is uninformed." *Id.* at 1059. This Court articulated the test for determining the propriety of an amendment as requiring inquiry into:

> whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. ***If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct.*** If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Id.* at 1059–1060 (emphasis original) (quoting *Commonwealth v. Stanley,* 265 Pa.Super. 194, 401 A.2d 1166, 1175 (1979)).

¶ 26 In the present case, the crimes specified in the original and amended bills of information clearly involved the same basic elements and evolved out of the same factual situation. While the elements of the crimes of statutory rape and statutory sexual assault are different, those differences are not material in the present case. Specifically, Smith cannot avail himself of that portion of the statutory sexual assault provision that excepts consensual conduct between a minor and an individual not four

or more years older than the minor because Smith is 21 years older than C.B.

¶ 27 Smith argues that the amendment prejudiced him "by limiting his available defenses." (Appellant Smith's Brief at 8.) Our Supreme Court has stated that:

> An amendment which violates Rule 229 will not necessarily be deemed fatal. Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, ... relief is warranted for a violation of Rule 229 only when the variance between the original and the new charges prejudices appellant by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges.

*Commonwealth v. Brown*, 556 Pa. 131, 727 A.2d 541, 543 (1999). Smith's actual argument, however, is that he was prejudiced not because the amendment removed a potential defense, but because it added one, reasonable mistake of age pursuant to 18 Pa.C.S.A. § 3102. We disagree.

¶ 28 The amendment occurred before the defense began its case in chief. Accordingly, Smith did have the opportunity to introduce the defense of mistake of age if he had chosen to do so.[14] Moreover, it is clear that Smith's counsel was aware that the law had changed and that the information cited to the prior statute, as she was the one who brought it to the attention of the trial court in the context of a motion to dismiss. (N.T., 2/11/98, at 14.) Thus, Smith should have been prepared for the contingency of proceeding with this defense in the likely event that the strategy of seeking dismissal failed. Accordingly, we hold that Smith was not prejudiced by the amendment of the information.

### Conclusion

¶ 29 The crimes of statutory sexual assault and corruption of a minor by their elements are not greater and lesser included offenses and, thus, convictions of both of these crimes do not necessarily merge for sentencing purposes. In the cases before us, however, the facts underlying the convictions mandate the conclusion that these particular sentences must merge. Accordingly, we are constrained to vacate the judgments of sentence and remand for resentencing.

¶ 30 Judgments of sentence vacated. Remanded for resentencing. Jurisdiction relinquished.

¶ 31 McEWEN, P.J., EAKIN, J., JOYCE, J., and MUSMANNO, J. join this Majority Opinion.

¶ 32 JOYCE, J. files a Concurring Opinion.

¶ 33 DEL SOLE, J. files a Concurring and Dissenting Opinion, which is joined by HUDOCK, J., STEVENS, J., and ORIE MELVIN, J.

JOYCE, J., Concurring:

¶ 1 I join with the majority that the sentences for statutory sexual assault and corruption of minors merge for sentencing purposes in these two cases. I write separately to express my views as to why. The standard for determining if a single crimi-

---

14. In Smith's case, it strains credulity to argue that he would raise such a defense, as C.B., who was 13 at the time of the incident, testified that she had lived across the street from Smith for a period of approximately seven or eight years and that her family and Smith's family knew each other well and socialized together. (N.T. Trial, 2/10/98, at 29–30.) Smith's wife, who testified on his behalf, corroborated this, testifying that she had known C.B. as a neighbor for approximately seven years and that the families had been friends. (N.T. Trial, 2/11/98, at 30.)

nal act may support multiple sentences remains whether the two crimes are greater and lesser included offenses. *Commonwealth v. Comer*, 552 Pa. 527, 538, 716 A.2d 593, 599 (1998) and *Commonwealth v. Anderson*, 538 Pa. 574, 582, 650 A.2d 20, 24 (1994).

¶ 2 When comparing elements of two distinct offenses, it is likely that there will be some parts of the statute which are inapplicable to the case at hand. Our Supreme Court has recognized this and stated that "any merger analysis must proceed on the basis of its facts, some aspects of the statute are relevant while others are not." *Comer*, 552 Pa. at 539 n. 15, 716 A.2d at 599 n. 15 (1998) and *Anderson*, 538 Pa. at 582 n. 3, 650 A.2d at 24 n. 3 (1994). Therefore, two offenses cannot be greater and lesser included offenses based upon an element of a crime which is not applicable or relevant to the particular facts of a case.

¶ 3 In each case at bar, the act that corrupted was an act of sexual intercourse. We are not concerned with those parts of the corruption of minor statute that address aiding, abetting, enticing or encouraging a minor in the commission of a crime. Accordingly, the Commonwealth may not argue that because statutory sexual assault does not require a defendant to aid, entice, or encourage a minor in the commission of a crime, that an element of corruption of a minor is not included in the elements of statutory sexual assault.

¶ 4 Accordingly, when applying the facts of this case to the elements, we see that statutory sexual assault requires that Appellant engage in sexual intercourse with a minor less than sixteen. Corruption of a minor requires that Appellant engage in sexual intercourse that corrupted or tended to corrupt a minor under the age of eighteen.

¶ 5 The Commonwealth argues that the elements of statutory sexual assault are not included in the corruption of minor charge because, while there may be sexual intercourse to satisfy the sexual assault statute, the sexual intercourse does not necessarily have to be an act that corrupts minors. I find such reasoning clearly erroneous. The data supports that minor victims of sexual assault are themselves likely to become perpetrators of sexual assault either as juveniles or as adults. The consequences of these actions may haunt these victims the rest of their lives. Thus, I believe the act of sexual intercourse with a minor necessarily corrupts or tends to corrupt. Therefore, pursuant to *Commonwealth v. Comer*, 552 Pa. 527, 538, 716 A.2d 593, 599 (1998) and *Commonwealth v. Anderson*, 538 Pa. 574, 582, 650 A.2d 20, 24 (1994), the facts of these two cases establish that statutory sexual assault and corruption of minors merge for sentencing purposes.

DEL SOLE, J., Concurring and Dissenting:

¶ 1 I join that portion of the majority opinion which concludes that the sentences for statutory sexual assault and corruption of minors merge for sentencing purposes as to the crimes committed by Appellant Walter Smith.

¶ 2 However because I conclude that facts of the Gatling case involve more than one criminal act, I believe it is unnecessary to engage in a merger analysis in the Gatling case. As stated in the Majority opinion, Gatling told the child "to lie face down on the couch, climbed on top of her and rubbed his penis against her buttocks." Majority Opinion at ——. He then proceeded to have the child turn over "whereupon he pulled down her pants, then his own, and proceeded to have sexual intercourse with her." *Id.* The Majority concludes from these facts that Gatling committed "a single criminal act," and with

this conclusion I cannot agree. Gatling's initial actions could support a conviction for corrupting the morals of a minor while his later actions, in which he turned the child over and proceeded to have sexual intercourse with her, support a conviction of statutory sexual assault. Although the two events occurred only moments apart they were two separate criminal actions committed on this child. Because the same facts are not the basis to support the convictions, the merger question is inapplicable. *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994).

¶ 3 HUDOCK, J., STEVENS, J., and ORIE MELVIN, J. join this Concurring and Dissenting Opinion.