**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Tony MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 5, 2003.
Filed Oct. 23, 2003.

---

Matthew P. Kelly, Wilkes-Barre, for appellant.

Frank O. Barletta, Assistant District Attorney, Wilkes-Barre, for Com., appellee.

Before: ORIE MELVIN, TODD, and TAMILIA, JJ.

TODD, J.

¶ 1 Tony Miller appeals the judgment of sentence imposed by the Luzerne County Court of Common Pleas after he pled *nolo contendere* to one count of sexual assault [1] and one count of corruption of minors.[2] Miller was sentenced to a term of 5 to 10 years incarceration on the charge of sexual assault, and a consecutive term of 19 to 28 months incarceration on the charge of corruption of minors. We affirm.

¶ 2 The relevant facts of the instant case are as follows: On February 21, 2001,

---

1.  18 Pa.C.S.A. § 3124.1

2.  18 Pa.C.S.A. § 6301(a).

Miller was charged with rape, aggravated indecent assault, sexual assault, endangering the welfare of children, and corruption of minors. The charges originated from Miller's contact with his girlfriend's niece, who was seven years of age. The Affidavit of Probable Cause contained in the criminal complaint indicated that the victim told police that while she was at her aunt's apartment, Miller had intercourse with her. When asked how many times it had happened, the victim was unable to give an exact number, but indicated that it had happened on the couch, floor, and in the bedroom. (Criminal Complaint, 2/21/01.) An examination by the victim's family doctor corroborated the victim's allegation that she had been sexually assaulted.

¶ 3 The information filed against Miller on August 22, 2001 alleged that Miller committed the charged offenses "on various dates from January of 2000 through January 31, 2001." (Information, 8/22/01.) On December 6, 2001, Miller pled *nolo contendere* to the charges of sexual assault and corruption of minors, and the remaining charges were *nolle prossed* by the Commonwealth. This timely appeal followed.

¶ 4 On appeal, Miller first argues that the trial court erred in failing to apply the doctrine of merger for purposes of sentencing on sexual assault and corruption of minors. Our Supreme Court, in *Common-*

*wealth v. Gatling,* set forth the standard for determining when convictions should merge for the purposes of sentencing:

> The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge. In order for two convictions to merge: (1) the crimes must be greater and lesser-included offenses; and (2) the crimes charged must be based on the same facts. If the crimes are greater and lesser-included offenses and are based on the same facts, the court should merge the convictions for sentencing; if either prong is not met, however, merger is inappropriate.

570 Pa. 34, 48, 807 A.2d 890, 899 (2002) (plurality opinion) (footnote omitted).[3]

¶ 5 Miller contends that the crimes to which he pled *nolo contendere* emanated from a single act, and argues that the trial court erred in relying on the Commonwealth's Affidavit of Probable Cause to conclude that the two offenses occurred at different times and dates, since the affidavit "fails to specify whether the alleged incidents which took place on the 'couch, floor and bedroom' were actually three

---

3. We note that our Supreme Court's decision in *Gatling,* which reversed this Court's holding in *Commonwealth v. Smith,* 772 A.2d 75 (Pa.Super.2001) (*en banc*) that the convictions at issue merged for sentencing purposes, is a plurality opinion. (In *Smith,* this Court addressed the consolidated appeals of Walter Smith and Ernest Gatling. However, only Gatling appealed this Court's *en banc* decision to the Pennsylvania Supreme Court.) Our Supreme Court in *Gatling* determined that because there was a break in the chain of events that separated the first crime from the second, regardless of whether the elements of

one were subsumed within the other, the convictions did not merge; however, the break-in-the-chain analysis did not garner the support of a majority of the justices. *Gatling,* 570 Pa. at 50–51, 807 A.2d at 900. Nevertheless, under both this Court's decision in *Smith* and our Supreme Court's decision in *Gatling,* a merger analysis is required only if the offenses are based on the same criminal act. In that we hold that the offenses to which Appellant pled *nolo contendere* were not based on a solitary criminal act, no further merger analysis is required.

separate assaults or a continuous assault that extended to three different locations, or even the same location." (Appellant's Brief at 7.) Regardless, Miller concedes that his plea of *nolo contendere* was based on the facts as set forth in the criminal information, and, as noted above, the criminal information charged that Miller committed the offenses "on various dates from January of 2000 through January 31, 2001." (Criminal Information, 8/22/01.) Thus, to the extent Miller argues that his plea was based on the allegations contained in the criminal information and not in the Affidavit of Probable Cause contained in the criminal complaint, we conclude that there was a sufficient basis for the trial court to determine that the offenses did not constitute one solitary criminal act. For this reason, we reject Miller's contention that a merger analysis is required under *Gatling, supra.*

¶ 6 Miller next challenges the trial court's imposition of a sentence in the aggravated range of the sentencing guidelines on the charge of corruption of minors. Sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion. *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa.Super.2001). Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal and an appellant's appeal should be considered a petition for allowance of appeal. *Id.* Before a challenge to a judgment of sentence will be heard on the merits, an appellant first must set forth in his or her brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his or her sentence. *Id; see also* Pa.R.A.P. 2119(f). We note that Miller has complied with this requirement.

¶ 7 In addition, an appellant must show that there is a substantial question as to whether the imposed sentence was inappropriate under the Sentencing Code. *See id.*; 42 Pa.C.S.A. § 9781(b). Whether an issue raises a substantial question is a determination that must be made on a case-by-case basis; however, in order to establish a substantial question, the appellant generally must establish that the sentencing court's actions either were inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. *Ritchey*, 779 A.2d at 1185.

¶ 8 In his Rule 2119(f) statement, Miller contends that the trial court failed to place sufficient reasons on the record to support a sentence in the aggravated range. This Court has held that an assertion that the sentencing court failed to sufficiently state its reasons for the sentence imposed raises a substantial question. *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa.Super.2003).

¶ 9 We note, however, that in the argument portion of his brief, Miller does not pursue his argument that the trial court failed to place its reasons for sentencing on the record. Rather, Miller asserts that the trial court improperly sentenced him in the aggravated range "based on the fact that the crimes involved a seven year old victim and that the Appellant committed this act while in a position of trust," (Appellant's Brief at 9), because both of these factors have already been accounted for under the statutory definition of corruption of minors. This Court has recognized that a claim that a sentence is excessive because the trial court relied on an impermissible factor also raises a substantial question. *Simpson*, 829 A.2d at 338 (citing *Commonwealth v. McNabb*, 819 A.2d 54, 56 (Pa.Super.2003)). Despite the fact that both of Miller's allegations

raise substantial questions, we conclude that he is not entitled to relief.

¶ 10 First, it is clear from a review of the sentencing transcript that the trial court placed its reasons for the sentence it imposed on the record:

> Now, with regard to the [corruption of minors] count, this is a Misdemeanor One, the statutory maximum is 60 months incarceration, the minimum is no higher than 30 months.
>
> With regard to the offense gravity score, it's 5, prior record score is 3, guideline ranges standard range 6 to 16 months minimum, mitigated range 3 to 16 months minimum, mitigated range 3 months minimum, aggravated range 19 months minimum.
>
> Mr. Miller, the Court is going to impose a sentence in the aggravated range, 19 months minimum, 38 months maximum, and this will be consecutive to and not concurrent with the sentence previously imposed.
>
> With regard to the court's reasons for sentencing in the aggravated range, I would emphasize that the victim was, for all practical purposes, defenseless; that this violation consisted of multiple incidents, however proximate in time, occurring on the couch, floor and bedroom. And this violation unequivocally corrupted the morals and innocence of this precious 7–year old child; and this violation occurred arising out of circumstances where you were in a position of trust, where you were expected to look out for the safety and well-being of this child together with other adults and despite that this offense took place.
>
> Any lessor sentence would depreciate the seriousness of this crime. And this crime, considering the physical disparity as between yourself and the victim, not only can be construed as having corrupted the morals of this victim but also

imposing extreme mental cruelty on the victim, again there being multiple incidents.

(N.T. Sentencing Hearing, 4/2/02, at 16–17.)

¶ 11 Furthermore, to the extent Miller argues that his position of trust with respect to the victim, and the victim's age of seven, have been accounted for in the statute, we disagree. Section 6301(a) provides, in relevant part:

> § 6301. Corruption of minors
>
> (a) Offense defined.—
>
> (1) Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age.

18 Pa.C.S.A. § 6301(a)(1). The fact that the victim is under the age of eighteen is a factor accounted for under the statute. The fact that the victim was only seven years of age, and the fact that Miller occupied a position of trust with respect to the victim were not, however, and the cases cited by Miller do not support his argument to the contrary.

¶ 12 Thus, for the reasons set forth above, we find no abuse of discretion by the trial court and affirm Miller's judgment of sentence.

¶ 13 Judgment of sentence **AF-FIRMED**.