J-S17022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRELL IRSHAD COLON | : | |
| | : | No. 1718 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence May 23, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002285-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 06, 2018**

Terrell Irshad Colon appeals from the judgment of sentence entered in the Court of Common Pleas of Monroe County.  After our review, we affirm.

At approximately 1:00 a.m. on May 5, 2015, the victim, S.O., who was twelve years old, was awakened by his mother and struck twice with a belt. At the time, S.O.'s mother was eight months pregnant.  Colon, mother's boyfriend, came into S.O.'s room, took the belt from mother, and proceeded to beat S.O., striking him at least 20 times and causing injuries, including lacerations, puncture wounds and bruising, all over his body.  At school that day, S.O. was crying in math class and his friend encouraged him to go to the school nurse.  After examining S.O., the school nurse contacted Monroe County Children and Youth, ChildLine, and the local police department.  At

trial, S.O. testified that he was beaten, first by his mother and then by her boyfriend, because he ate cookie dough. N.T. Jury Trial, 2/21/17, at 36.

Following an investigation, Colon was tried on charges of endangering the welfare of a child (EWOC), 18 Pa.C.S.A. § 4304(a)(1), and simple assault, 18 Pa.C.S.A. §2701(a).[1] A jury convicted Colon of EWOC; the jury was unable to reach a unanimous verdict on the simple assault charge.

The court ordered a presentence investigation report (PSI) and subsequently sentenced Colon to one to three years' imprisonment, an aggravated-range sentence. Post-sentence motions were filed and denied. This appeal followed.

Colon raises two issues for our review:

1. Whether the trial court erred in denying the defendant's motion for mistrial after the jury foreperson indicated that the jury was unable to reach a unanimous verdict and jurors vacillated [on] a unanimous verdict?

2. Whether the trial court erred or committed an abuse of discretion in imposing a sentence in a state correctional institution, for one to three years, for endangering the welfare of children?

Appellant's Brief, at 4.

The standard of review for determining whether a mistrial should have been granted is well-settled:

_____

[1] S.O.'s mother was also charged; she entered a guilty plea to simple assault (M2), and was placed on probation for one year.

A motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

An abuse of discretion is more than an error in judgment. On appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised by the trial court was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Tejeda*, 834 A.2d 619, 623 (Pa. Super. 2003) (brackets, footnote, internal citations, and quotation marks omitted).

Colon argues that the initial confusion of one of the juror's during polling deprived him of his right to a unanimous verdict. After review of the record, we find this claim meritless.

Trial commenced in this case on February 22, 2017. The next day, at 10:16 a.m., the jury began deliberations. At 4:00 p.m., the Honorable Jonathan Mark informed counsel that the jury had indicated to the tipstaff that a verdict had been reached and they were getting ready to come into the courtroom, but then "one of the jurors reported to the tipstaves that the [juror] had changed his or her mind and so there appears not to be a unanimous verdict." N.T. Jury Trial, 2/22/17 (daytime), at 78.

Defense counsel made a motion for mistrial, which the court held in abeyance pending hearing from the jury. *Id*. at 78-79. The jury foreperson confirmed the situation, but indicated that the jury had a unanimous verdict

on one of the charges. *Id.* at 80. The judge asked the jury to continue deliberations. *Id*. at 81. Since the jury indicated it had a unanimous verdict on one of the charges, the court denied the motion for mistrial, without prejudice. *Id.* at 86.

One hour later, the jury came back. The foreperson announced a verdict of guilty on the EWOC charge, and stated it was deadlocked on the simple assault charge. N.T. Jury Trial, 2/22/17 (evening), at 8. The court polled the jurors individually, and each one indicated the jury was deadlocked on the simple assault charge but unanimous on the EWOC charge. However, Juror No. 5 twice indicated he did not agree with the EWOC verdict. *See id*. at 9-10. Each time, however, after initially indicating "no," he stated, "All right. Yes." *Id.* Thereafter, sensing equivocation and confusion, the court further questioned Juror No. 5:

> THE COURT: So remember when I instructed each and every one of you that you have to decide this case for yourself, and then you have to have some discussion. And then you can only have a verdict of guilty or not guilty if you all agree, so 12 of you have to agree. So that's all I'm going to ask you now.
>
> So first, you personally, do you agree that the Commonwealth proved beyond a reasonable doubt [] the charge of endangering the welfare of a child?
>
> JUROR NO. 5: Yes.
>
> THE COURT: Do you agree that the other 11 jurors also found that, so that all 12 of you find the defendant guilty of that charge?
>
> JUROR NO. 5: Yes.

- 4 -

THE COURT:  And then do you also agree, for yourself and for the jury, that there is no verdict on simple assault because the 12 of you can't agree on that?

JUROR NO. 5:  Yes.

*Id.* at 11.

At this point, defense counsel requested further interrogation of Juror No. 5, seeking clarification for the record.   The court continued:

THE COURT:  Okay.  Then no one wants to put words in your mouth, right?  These have to be your words from your heart and your mind.  So why when I first asked you if you agreed with the verdict as announced did you indicate no?

JUROR NO. 5:  I wasn't initially sure what you were talking about.

THE COURT:  Okay.  And is there any confusion in your mind now?

JUROR NO. 5:  No.

N.T. Jury Trial, 2/22/17 (evening), at 12-13.   The court then questioned defense counsel and the assistant district attorney, asking if either attorney had any further questions for Juror No. 5.  Both responded that they did not. Defense counsel did, however, renew his motion for mistrial.  *Id.* at 13.  The court granted the mistrial with respect to the simple assault charge, and denied it with respect to the EWOC charge.  *Id.* at 13-14, 19.

In **Commonwealth v. Jackson**, 324 A.23d 350 (Pa. 1974), the Pennsylvania Supreme Court reiterated that when a jury is polled, it is the court's duty to determine, before the verdict is accepted and recorded, whether the answers of each juror indicate his concordance with the

- 5 -

announced verdict. If the answer of any juror is unclear, or if it is questioned, the court may further interrogate that juror before determining whether to accept the verdict. **Id.** at 353, *citing* **Commonwealth ex rel. Ryan v. Banmiller**, 162 A.2d 354 (Pa. 1960). Where, as here, "an evasive answer of a juror leaves doubt as to whether he has assented to the verdict, but his answers indicate neither involuntariness nor coercion, *a subsequent answer or further interrogation which indicates clear and unequivocal assent will cure any possible defect*." **Jackson**, 324 A.2d at 353 (emphasis added).

Here, the record indicates that the jury unanimously agreed upon a guilty verdict on the EWOC charge. The court complied with **Jackson**; the court's careful polling of the jury, its further interrogation of Juror No. 5 and Juror No. 5's clarification cured any possible defect. The trial court properly determined that the jury had performed its function in accordance with the law and had reached a unanimous verdict. We find no abuse of discretion. **Tejeda**, **supra**. Under these circumstances, Colon's contention that he was entitled to a mistrial because there was no unanimous verdict is without merit.

Next, Colon claims his sentence of one to three years' imprisonment, an aggravated-range sentence, was excessive and an abuse of discretion. A claim of excessiveness presents a challenge to the discretionary aspects of sentencing. **See Commonwealth v. Mouzon**, 812 A.2d 617, 625 (Pa. 2002). An appellant is not entitled to review of the discretionary aspects of sentencing unless he or she satisfies a four-part test:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Here, Colon has filed a timely notice of appeal, preserved his claims in a post-sentence motion, and his brief is without a fatal defect. Thus, we must consider whether Colon raises a substantial question.

Generally, to establish a substantial question, an appellant must prove the sentencing court deviated from a specific provision of the Sentencing Code or violated fundamental norms of the sentencing process. *Commonwealth v. Miller*, 835 A.2d 377, 380 (Pa. Super. 2003). In his Rule 2119(f) statement, Colon states that his sentence, at the top of the aggravated range,[2] was excessive because it focused only on the nature of the offense, relied on impermissible factors, and did not consider the character of the defendant, that he had no prior juvenile or adult arrests, that he was the primary

_____

[2] The crime of EWOC, a misdemeanor of the first degree, *see* 18 Pa.C.S.A. § 4304(b)(1)(i), has an offense gravity score of 5. Colon has a prior record score of 0. The standard range guideline sentence calls for a minimum sentence of restorative sanctions – 9 months, and an aggravated range sentence calls for a minimum of 3-12 months. Colon's sentence of one to three years' imprisonment places his sentence at the top of the aggravated range.

caregiver of his two children, ages 2 and ten months, that he had a college degree and was self-employed, and that he tested negative for use of any controlled substance. Such a claim of excessiveness is considered a substantial question, even if the sentence falls within the statutory limits and the sentencing guidelines, as it does in the case at bar. **Commonwealth v. Simpson**, 829 A.2d 334, 337 (Pa. Super. 2003). To the extent Colon complains that the court imposed an aggravated-range or manifestly excessive sentence without considering mitigating circumstances, a substantial question exists. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1272–73 (Pa. Super. 2013) (en banc) ("The substantial question . . . is an 'excessive sentence claim in conjunction with an assertion that the court did not consider mitigating factors.'"). Similarly, insofar as Colon claims that the court imposed an aggravated-range sentence based on impermissible factors, a substantial question exists. **See Stewart**, 867 A.2d at 592 ("Based on [a]ppellant's assertion that the sentencing court considered improper factors in placing the sentence in the aggravated range, we conclude that [a]ppellant presents a substantial question on appeal."). As such, we will review the merits of Colon's sentencing claim.

In determining a proper sentence, the court shall impose a sentence that is consistent with protecting the public, the gravity of the impact the offense has on the life of the victim and the public, and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). **See Commonwealth v. Galletta**, 864 A.2d 532 (Pa. Super. 2004). "In every case in which the court imposes

a sentence for a felony or misdemeanor, . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b).[3] When determining whether an aggravated range sentence should be imposed, the sentencing court may consider any legal factor. ***Commonwealth v. Stewart***, 867 A.2d 589, 592–93 (Pa. Super. 2005) *citing* ***Commonwealth v. Duffy***, 491 A.2d 230, 233 (1985). A court is justified in considering the tender age of the victim, his injuries, and the long term effects of those injuries as legal factors supporting an aggravated range sentence. ***Commonwealth v. Burns***, 765 A.2d 1144, 1151 (Pa. Super. 2000). "In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Bowen***, 975 A.2d 1120, 1122 (Pa. Super. 2009).[4]

---

[3] Section 9721(b) further states: "In every case where the court imposes a sentence outside the sentencing guidelines . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A. § 9721(b). Here, the court sentenced within the guidelines, albeit within the aggravated range. "The sentencing court is not required to state its reasons for sentencing within one guideline range over another." ***Commonwealth v. Wright***, 600 A.2d 1289 (Pa. Super. 1991).

[4] We note that the Commonwealth, at sentencing, sought a sentence of six months to twenty-four months, less one day, in the county correctional facility. N.T. Sentencing, 5/23/17, at 11.

Here, the sentencing court noted that it had reviewed the PSI, that it had considered Colon's educational level[5] and was aware of the fact that Colon had completed anger management counseling. N.T. Sentencing, 5/23/17, at 12. The court also stated that it considered the sentencing guidelines. The court, choosing to impose an aggravated-range sentence, stated the following on the record:

> [W]hat happened here was a twelve year old child was severely beaten with a belt and, I think [the assistant district attorney] was being kind when he was describing it with the other words. [S.O.] had out and out puncture wounds from the portion of the belt buckle that goes through the loops. As you heard me say before, in preparation [for] this morning I looked through the photos; they're all of record, they're part of the file, they're part of the trial evidence. I also looked at the chart that the Children's Advocacy Center doctor prepared on which she marked all of the parts of the body where there were bruises and where there were marks. . . . This is shocking. This is something that is unsettling and if nothing else in today's world where people have lost confidence to some extent in the government, in the ability of the courts to either be fair or protect them[,] one thing I think is clear is that in all senses we take crimes against children, those who cannot protect themselves especially against much larger adults – . . . physical abuse, sexual abuse, even emotional and mental abuse – we take those things very seriously and society needs to take those seriously and this court does as well. This was a very serious case. The fact that this went to the extreme that it did to me is an aggravating factor and it also certainly warrants consideration beyond whatever the standard guidelines are[.] . . . I do note and accept the fact [] that you did in fact finish anger management counseling and the parenting classes; but I want to say this in a way that can be as clear as it can from a two-dimensional record.

---

[5] Colon has a Bachelor of Arts degree in in Justice Studies with an emphasis in Child Advocacy in the Justice System from Montclair State University.

- 10 -

> From everything that you've said and done and by being able to watch you in the courtroom, to me all that did was check off boxes in a Children and Youth case so that you could get them out of your lives and make sure that you had your children. I don't see any real personal internalization of the things that you supposedly learned in those classes and it's pretty clear to me that by your statements and your action that you will do and say anything to get Children and Youth out of your lives. In one sense people could look at what you did at the time when your girlfriend, the mother of now two of your children, was pregnant, as noble. I don't think it was noble. Again, I view what happened here as people attempting to play the system in a case where a young man was beaten. So I don't accept . . . the other view of this case . . . that you did the right thing or you didn't do the right thing because you didn't interfere. You didn't do the right thing because you beat a child. . . I think this case deserves substantial accountability. . . . So because you have not really acknowledged what you've done and because you have given so many versions of events and to me have perfunctorily addressed these issues in terms of the counseling in a *pro forma* fashion I'm not sure if your rehabilitative prospects are significant. . . . This isn't a moment of rage. This was intentional conduct that lasted for a significant period of time and caused significant injuries. . . . [A]s you can imagine this is going to have a lasting impact on him for the rest of his life[.]. . . So for all those reasons I think a substantial sentence is warranted in this matter[.]

*Id.* at 15-20.

The sentencing has articulated quite clearly on the record its reasons for the aggravated-range sentence. We accord great weight to the sentencing court's decision, as it is in a better position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. ***Commonwealth v. Hanson***, 856 A.2d 1254, 1260 (Pa. Super. 2004). Colon's assertion that the trial court did not consider mitigating factors

- 11 -

is more accurately an assertion that the court did not accord the factors the weight that he wished. *See Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017); *Commonwealth v. Raven*, 97 A.3d 1244, 1255 (Pa. Super. 2014). Here, the court considered Colon's history, his lack of a criminal record, and his education level, but chose to assign less weight to those factors and more weight to the severity of the victim's injuries, the nature of the offense and its impact on the victim.

Moreover, where the sentencing judge has the benefit of a PSI, "it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa. Super. 2016); *see also Commonwealth v. Radecki*, 2018 PA Super 38, 2018 WL 989152 (filed February 21, 2018) (where sentencing court had benefit of presentence investigation report, appellate court can assume sentencing court was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors).

We conclude, that the court did not abuse its discretion in imposing an aggravated-range sentence. *Bowen*, *supra*. We, therefore, affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/18