J. S27040/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EFREN DANDRADE, | : | |
| | : | |
| Appellant | : | No. 2617 EDA 2014 |

Appeal from the Judgment of Sentence August 5, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division No(s).: CP-39-CR-0003585-2008

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED JULY 21, 2015**

Appellant, Efren Dandrade, appeals from the judgement of sentence entered in Lehigh County Court of Common Pleas following the trial court's revocation of his probation. He challenges the discretionary aspects of his sentence. We affirm.

We adopt the recitation of facts and procedural history as set forth by the trial court. Trial Ct. Op., 10/13/14, at 1-2. We add the following. During Appellant's July 15, 2014 **Gagnon II** hearing,[1] he stipulated to violating terms of his probation by failing to comply with verbal or written

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973). At a **Gagnon II** hearing, "the Commonwealth is required to establish that the defendant [violated] his parole/probation." **Commonwealth v. Stafford**, 29 A.3d 800, 801 n.1 (Pa. Super. 2011).

instructions and failing to remain drug-free.  N.T. **Gagnon II** Hr'g, 7/15/14, at 2-3.  At that hearing, the trial court revoked Appellant's probation.  Order, 7/15/14.  It scheduled a sentencing hearing for August 5, 2014.  **Id.**  The trial court ordered a presentence investigation report ("PSI") with calculations of credit for time served and available maximum sentence.  **Id.**

The trial court sentenced Appellant to sixteen to thirty-six months' imprisonment with a Recidivism Risk Reduction Incentive (RRRI) minimum of twelve months.  Order, 8/7/14.  On August 15, 2015, Appellant filed a timely motion to modify his sentence.  The trial court denied the motion on August 19, 2014.  This timely appeal followed.[2]  Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

On appeal, Appellant challenges discretionary aspects of his sentence. He raises the following issue for our review: "DID THE LOWER COURT ERR BY IMPOSING A DISPROPORTIONATE SENTENCE BASED UPON THE NATURE OF THE VIOLATION AND BY FAILING TO PROPERLY CONSIDER THE REQUISITE STATUTORY FACTORS, THUS IMPOSING AN EXCESSIVE

---

[2] "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal [the] sentence from the day [the] sentence is entered, regardless of whether or not [he or] she files a post-sentence motion."  **Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) (citing Pa.R.Crim.P. 708(D)).

SENTENCE CONTRARY TO THE FUNDAMENTAL NORMS OF THE SENTENCING PROCESS?" *Id.* at 4.

Appellant argues the trial court abused its discretion. He contends the following. "[T]he Sentencing Court manifestly abused its discretion by imposing a sentence of total confinement for relatively non-serious technical violations . . . ." *Id.* The trial court failed to properly consider factors in 42 Pa.C.S. § 9721(b) during sentencing. *Id.* at 14. "[T]here is no indication on the record that the public needs to be protected from [him]" and his rehabilitative needs are unmet by his sentence. *Id.* at 15.

This Court has stated,

> discretionary aspects of [an appellant's] sentence are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test.
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, ___ A.3d ___, ___, 2015 WL 1788797 at *7 (Pa. Super. April 21, 2015) (some citations omitted).

Instantly, Appellant timely filed this appeal, preserved the issue of a disproportionate or excessive sentence by objecting during sentencing and in

his post-sentence motion, and included a statement in his brief which conforms with Pa.R.A.P. 2119(f).[3] **See** Appellant's Brief at 10. Accordingly, we ascertain whether Appellant has raised a substantial question. **Leatherby**, 2015 WL 1788797 at *7.

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013) (punctuation omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

> The imposition of a sentence of total confinement after the revocation of probation for a technical violation . . . implicates the fundamental norms which underlie the sentencing process. Additionally, a substantial question that the sentence was not appropriate under the Sentencing Code may occur even where a sentence is within the statutory limits.

**Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) (quotation marks and citations omitted). "[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 . . . present a substantial question." **Dodge**, 77 A.3d at 1272 n.8. Appellant

---

[3] This Court has held that a "Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated . . . ." **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000) (en banc). Appellant's 2119(f) statement failed to include a statement of where his sentence fell within the sentencing guidelines. Appellant's Brief at 10. However, as the Commonwealth did not argue a defect in his Rule 2119(f) statement, we decline to find waiver on these technical grounds. **See Dodge**, 77 A.3d at 1271.

sufficiently alleges his sentence is disproportionate to the technical nature of his probation violations and that the trial court failed to consider the factors in 42 Pa.C.S. § 9721. We therefore find Appellant has raised a substantial question. ***Dodge***, 77 A.3d at 1272 n.8; ***Crump***, 995 A.2d at 1282.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.
>
> More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:
>
>> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

***Commonwealth v. Bricker***, 41 A.3d 872, 875 (Pa. Super. 2012) (some citations omitted).

"Subsequent to revocation of probation, the sentencing court has available to it all the options permissible at the time of initial sentencing . . . ." ***Crump***, 995 A.2d at 1285.

> Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist: 1. the

defendant has been convicted of another crime; or 2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or 3. such a sentence is essential to vindicate the authority of this court.

*Id.* at 1282-83 (citing 42 Pa.C.S. § 9771(b)). This court declined to find an abuse of discretion when "continued drug use, combined with [the appellant's] resistance to treatment and supervision, [was] enough to make a determination that, unless incarcerated, appellant would in all likelihood commit another crime." ***Commonwealth v. Capellini***, 690 A.2d 1220, 1225 (Pa. Super. 1996).

Further,

[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. . . . Having been fully informed by the presentence report, the sentencing court's discretion should not be disturbed. This is particularly true . . . in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). Therefore, to determine whether the trial court weighed the factors in 42 Pa.C.S. § 9721(b) during sentencing, we must presume the trial court reviewed the PSI. ***Id.***

First, we analyze whether the trial court abused its discretion by imprisoning Appellant following revocation of probation. We find it did not.

Here, as in *Capellini*, Appellant failed to pursue the rehabilitative goals of probation. N.T., 7/15/14, at 3-4; *see Capellini*, 690 A.2d at 1225-26. The record as a whole shows the trial court weighed Appellant's risk of recidivism as well as whether incarceration was "essential to vindicate the authority" of the court. *See* 42 Pa.C.S. § 9771(b); *see Crump*, 995 A.2d at 1285. It concluded that Appellant's probation violations were "technical violations, but [his] history . . . under probation and parole . . . leads me to believe the only thing that [he] may take seriously is to go to state prison for some time." N.T., 8/5/14, at 13. We therefore decline to find the trial court abused its discretion by imprisoning Appellant for the remainder of the maximum sentence available on his original crime. *Crump*, 995 A.2d at 1283; *Capellini*, 690 A.2d at 1225-26.

We now must determine whether the trial court failed to properly consider the sentencing objectives enumerated in 42 Pa.C.S. § 9721(b). We find it did not. During Appellant's probation revocation proceeding, the trial court considered Appellant's positive drug screens and failure to appear for ordered drug treatment. N.T., 7/15/14, at 3-4. The trial court later reviewed Appellant's PSI on the record. N.T., 8/5/14, at 10. In addition, the trial court adopted the PSI's sentencing recommendations. *See id.* at 12. Because the trial court considered the PSI on the record, and keeping in mind it adopted the sentencing recommendations therein, we must not disturb the trial court's decision. *See Devers*, 546 A.2d at 18.

In its responsive opinion, the trial court concluded,

> [i]n this case, the sentence Appellant received is appropriate and was fully warranted under the circumstances. This was Appellant's fourth violation. Every time he has been released from incarceration, he has violated the terms of his sentence. He demonstrated an unwillingness to comply with the terms of his incarceration and parole. Appellant also has a very lengthy [criminal] record . . . which strongly indicates that he is likely to commit another crime . . . . The Court also considered Appellant's rehabilitative needs, and based on his performance while on parole and probation, confinement is more appropriate as a rehabilitative setting.

Trial Ct. Op. at 5. Based on a review of the record as a whole, we find the trial court did not abuse its discretion. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   |

|

vs.   |    No.    3585 / 2008

|          2617 EDA 2014

EFRAIN DANDRADE,   |

       Appellant   |

**October 6, 2014**

**Douglas G. Reichley, J.**

### 1925(a) Opinion

Efrain Dandrade, Appellant, appeals from a judgment of sentence following a Gagnon II hearing during which he conceded that he violated his probation for failing to remain drug free and failing to follow written and verbal instructions. Appellant was resentenced to serve sixteen to thirty months in state prison. Appellant contends this sentence is excessive and challenges the discretionary aspects of the Court's sentence. For the reasons set forth herein, the sentence was proper and lawful and Appellant's judgment of sentence should be affirmed.

### Factual and Procedural History

On November 6, 2008, Appellant entered into negotiated guilty pleas on Fleeing or Attempting to Elude a Police Officer,[1] graded as a Felony of the Third Degree, Theft by Unlawful Taking,[2] graded as a Misdemeanor of the First Degree, Receiving Stolen Property,[3] graded as a Misdemeanor of the First Degree, Conspiracy to Theft by Unlawful Taking,[4] graded as a Misdemeanor of the First Degree, Recklessly Endangering Another Person,[5] graded as a

---

[1] 75 Pa.C.S.A. § 3733(a).
[2] 18 Pa.C.S.A. § 3921(a).
[3] 18 Pa.C.S.A. § 3925(a).
[4] 18 Pa.C.S.A. §§ 903(a)(1), 3921(a).
[5] 18 Pa.C.S.A. § 2705.

1

Misdemeanor of the Second Degree, and Driving While Operating Privilege is Suspended or Revoked,[6] a summary offense.

On December 8, 2008, the Honorable William H. Platt sentenced Appellant to twelve months less one day to twenty-four months less one day in Lehigh County Prison, followed by one year on probation and a fine.

On August 2, 2009, Appellant was paroled. However, his parole was revoked following a violation hearing on August 13, 2010. Judge Platt remanded Appellant to serve the balance of his sentence, followed by one year on probation.

On August 16, 2011, following a Gagnon II hearing, the Honorable Lawrence J. Brenner found Appellant had again violated his parole and probation. Judge Brenner remanded Appellant to serve the balance and he reimposed the one-year probationary period. Appellant was paroled on October 15, 2011.

Appellant appeared before the undersigned on January 24, 2012 for a third Gagnon II hearing. At that point, the Court revoked the parole portion of the sentence and remanded Appellant to serve the balance. The Court also revoked the probationary period and resentenced Appellant to twelve months less one day to twenty-four months less one day in Lehigh County Prison with a consecutive one year probationary period. The new sentence aggregated with the balance to send Appellant to state prison.

On November 15, 2012, Appellant paroled from state prison. He completed the parole portion of his sentence.

In May of 2014, a fourth violation petition was filed against Appellant. He appeared for a Gagnon II hearing on July 15, 2014. He conceded the allegations of the petition, acknowledging that he failed to remain drug free and failed to follow written and verbal instructions. The

---

[6] 75 Pa.C.S.A. § 1543(a).

2

specific factual allegations to which he conceded were failing to abide by a curfew and failing to have a drug and alcohol evaluation when instructed. Following his concession, Appellant requested a Presentence Investigation Report (PSI) be prepared.

Appellant was interviewed and a PSI was prepared by Adult Probation. On August 5, 2014, Appellant appeared before the undersigned where he was resentenced to sixteen to thirty-six months in state prison, with a RRRI minimum of twelve months.

On August 15, 2014, Appellant filed a counseled Motion to Modify Sentence, which the Court denied August 19, 2014.

On September 4, 2014, Appellant filed a Notice of Appeal challenging his sentence. He was directed to serve a Concise Statement of Matters Complained of on Appeal on the Court, and said Concise Statement was filed on September 25, 2014.

This Opinion follows.

## Discussion

Appellant argues the Court abused his discretion by imposing a harsh and excessive sentence. He claims his sentence was manifestly unjust and excessive and contrary to the fundamental norms of the sentencing process. He also maintains it is disproportionate to what is necessary to achieve consistency with the sentencing standards of the Sentencing Code.

As a general rule, trial courts are afforded broad discretion in sentencing. *Commonwealth v. Miller*, 835 A.2d 377, 380 (Pa. Super. 2003); *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002). A sentence will not be disturbed absent an abuse of that discretion. *Mouzon*, 812 A.2d at 621 (citing *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001)). A sentencing court has not "abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill will."

3

*Commonwealth v. Smith*, 673 A.2d 893 (Pa. 1996) (quoting *Commonwealth v. Lane*, 424 A.2d 1325, 1328 (Pa. 1981)).

The Supreme Court of Pennsylvania explained that "[d]eference is accorded to the trial court's pronouncement because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Ward*, 568 A.2d 1242, 1243 (Pa. 1990). Thus, a sentence will not be disturbed unless it was manifestly excessive or outside the statutory limits. *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997). Sentencing judges are guided by the general principles of protecting the public, weighing the gravity of the offense in relation to its impact on the community and the life of the victim, and the defendant's rehabilitative needs. 42 Pa.C.S. §9721(b).

"The imposition of sentence following the revocation of probation 'is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (quoting *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000)). The range of sentences available to courts in resentencing following a revocation of probation are all of the sentencing alternatives available at the time of the original sentencing. 42 Pa.C.S. § 9771(b).

"Upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Coolbaugh*, 770 A.2d at 792 (citations omitted). Once probation is revoked, a sentence of total confinement may be imposed if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or,

(3) such a sentence is essential to vindicate the authority of court

42 Pa.C.S. § 9771(c).

In this case, the sentence Appellant received is appropriate and was fully warranted under the circumstances. This was Appellant's fourth violation. Every time he has been released from incarceration, he has violated the terms of his sentence. He demonstrated an unwillingness to comply with the terms of his incarceration and parole. Appellant also has a very lengthy record stretching back to 1986 which strongly indicates that he is likely to commit another crime. A period of probation following this revocation would have been inappropriate, and a lesser sentence served in Lehigh County Prison would depreciate the seriousness of the offense. The Court also considered Appellant's rehabilitative needs, and based on his performance while on parole and probation, confinement is more appropriate as a rehabilitative setting.

## Conclusion

For the reasons set forth herein, Appellant's sentence was appropriate following the fourth violation on his case. His behavior while on supervision outside an institutional setting demonstrates a consistent pattern of noncompliance with the supervisory requirements imposed upon him. Confinement is warranted under all of the circumstances and the duration of the sentence is proper. Accordingly, the Court respectfully recommends that Appellant's judgment of sentence be affirmed.

By the Court:

Douglas G. Reichley, J.

5