J-S48037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES ANTHONY ELIA | : | |
| | : | |
| Appellant | : | No. 2509 EDA 2017 |

Appeal from the Judgment of Sentence March 20, 2017
in the Court of Common Pleas of Montgomery County
Criminal Division at No.:  CP-46-0009201-2010

BEFORE:  DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                      **FILED OCTOBER 02, 2018**

Appellant, James Anthony Elia, appeals from the judgment of sentence imposed after his bench trial conviction of involuntary deviate sexual intercourse involving a child less than sixteen years of age, and numerous related sex crimes.  Specifically, he challenges the new sentence imposed after his original sentence was vacated.  Appellant argues that his resentencing violated the constitutional protection against double jeopardy.  He also maintains that his sentence was harsh and excessive because the sentencing guidelines for statutory aggravated indecent assault and involuntary deviate sexual intercourse are unreasonable and have no logical foundation.  We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

This appeal has a long and convoluted procedural history but the underlying facts of the case are not in substantial dispute. We summarize only those which are most relevant to the issues on appeal.

Appellant met the Victim through family connections. At the time, he was dating the Victim's aunt. When the relationship with the Victim began, Appellant was twenty-five and she was fourteen. He knew she was fourteen. (**See** Trial Court Opinion, 11/21/17, at 2-3). In Pennsylvania, the age of consent is sixteen, while the legality of sex with a thirteen, fourteen, or fifteen year old depends on the age of the other party. **See** 18 Pa.C.S.A. § 3122.1 (statutory sexual assault).

Soon after meeting, Appellant picked the Victim up after school and drove her in his mother's minivan to a ballpark where they parked the van and had sexual relations. There followed multiple, separate episodes of sexual activity, including vaginal intercourse, oral sex, manual stimulation, digital penetration, and so forth. The Victim's mother became suspicious about the relationship and, with the help of police, obtained inculpatory admissions from Appellant in a telephone conversation. A physician confirmed that the Victim had contracted a sexually transmitted disease.

On February 14, 2011, the Commonwealth filed an information accusing Appellant of five counts of involuntary deviate sexual intercourse involving a child less than sixteen years of age, 18 Pa.C.S.A. § 3123(a)(7); five counts of statutory sexual assault, 18 Pa.C.S.A. § 3122.1; five counts of aggravated

indecent assault involving a person less than sixteen years of age, 18 Pa.C.S.A. § 3125(a)(8); one count of corruption of minors, 18 Pa.C.S.A. § 6301(a)(1); five counts of indecent assault of a person less than sixteen years of age, 18 Pa.C.S.A. § 3126(a)(8); and one count of unlawful contact or communication with a minor, 18 Pa.C.S.A. § 6318(a)(1).

On June 27, 2011, Appellant pleaded guilty to a negotiated single count of involuntary deviate sexual intercourse involving a child less than 16 years of age and one count of statutory sexual assault. As part of the plea agreement, the Commonwealth agreed to withdraw the remaining charges and to forgo the imposition of a mandatory ten-year prison sentence under 42 Pa.C.S.A. § 9718(a). Sentencing was deferred pending an evaluation of Appellant by the Sexual Offenders Assessment Board.

However, on September 26, 2011, Appellant filed *pro se* motions to withdraw the guilty plea and for a change of appointed counsel. At a hearing on October 13, 2011, the court granted withdrawal, concluding that Appellant's motion was knowing, voluntary, and intelligent.

On November 30, 2011, then-defense counsel filed a motion for continuance to file a motion to withdraw from further representation, citing Appellant's assertion of ineffective assistance as a conflict of interest. After a hearing, the court granted counsel's oral motion to withdraw in an order dated and filed December 6, 2011. (*See* Order, 12/06/11). The court appointed

Francis P. Walsh, Esq., to represent Appellant.[1]  (**See** Order, dated 12/07/11, and filed 12/08/11).

On January 17, 2012, prior to the start of Appellant's scheduled trial, Attorney Walsh made an oral motion to **withdraw the prior motion to withdraw** the guilty plea.  Counsel argued that the plea should not have been withdrawn because Appellant had not expressly asserted his innocence.  He also argued that the hearing on the motion to withdraw the guilty plea should not have occurred because Appellant had asserted that plea counsel had been ineffective.  The court denied the oral motion, and the matter proceeded to a bench trial.

At the conclusion of the trial, the court found Appellant guilty of IDSI, statutory sexual assault, aggravated indecent assault, corruption of minors, indecent assault, and unlawful contact with a minor.  On March 19, 2012, the Commonwealth filed a notice of its renewed intent to pursue the ten-year mandatory minimum sentence applicable to Appellant's IDSI conviction, pursuant to 42 Pa.C.S.A. § 9718(a).[2]  (**See** Commonwealth's Notice of Intent to Seek Mandatory Ten Year Sentences, 3/19/12; **see also Commonwealth**

_____

[1] Attorney Walsh continues to represent Appellant in this appeal.

[2] At the time, in pertinent part, section 9718 provided that a person convicted of 18 Pa.C.S.A. § 3123 (involuntary deviate sexual intercourse) was subject to a mandatory term of ten years' imprisonment.  **See** 42 Pa.C.S.A. § 9718(a)(1).

- 4 -

*v. Elia*, 83 A.3d 254, 260 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014)).

On April 25, 2012, at the sentencing hearing, defense counsel asserted that the application of a mandatory minimum sentence pursuant to section 9718(a)(1) constituted cruel and unusual punishment. The court disagreed and sentenced Appellant to a term of not less than ten nor more than twenty years of incarceration. (**See** N.T. Motions/**Gagnon** Hearing/Sentencing, 4/25/12, at 54).[3]

Appellant timely filed a post-sentence motion. He asserted (1) the court erred in allowing the withdrawal of the guilty plea because he had not asserted his innocence, (2) plea counsel had been ineffective, (3) the evidence at trial did not prove that he had committed involuntary deviate sexual intercourse in Montgomery County and (4) the mandatory minimum sentence for involuntary deviate sexual intercourse is unconstitutional. The court issued an order dated May 17, 2012, denying the post-sentence motion.

On May 25, 2012, Appellant timely appealed from the judgment of sentence and subsequently filed a concise statement of errors pursuant to Pa.R.A.P. 1925(b). (**See** Trial Court Opinion, 7/1/12, at 1-3). This Court affirmed in an opinion filed December 24, 2013. (**See Commonwealth v.**

---

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

*Elia*, 83 A.3d 254, 260 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014)).

On August 15, 2014, Appellant filed a timely petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel subsequently filed an amended petition, asserting that Appellant's sentence was illegal under ***Alleyne v. United States***, 570 U.S. 99 (2013)[4] and ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014), *affirmed*, 140 A.3d 651, 663 (Pa. 2016).[5] The PCRA court agreed, and vacated sentence. This Court affirmed. (***See Commonwealth v. Elia***, No. 3403 EDA 2015, 2016 WL 2908553, at *1 (Pa. Super. filed May 18, 2016) (unpublished memorandum), *appeal denied,* 164 A.3d 454 (Pa. 2016)).

On March 20, 2017, Appellant was re-sentenced, without any mandatory minimum, to an aggregate term of not less than nine-and-one-half nor more than twenty years of incarceration at a state correctional institution, six months less than his original aggregate sentence of ten to twenty years'

_____

[4] ***Alleyne*** held that that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt, including mandatory minimum sentences. ***See Alleyne***, ***supra*** at 103.

[5] ***Wolfe*** held that section 9718 (mandatory sentences for, *inter alia*, sex crimes when victim is less than sixteen years of age) is unconstitutional in light of ***Alleyne***; furthermore, section 9718 is irremediably unconstitutional on its face, non-severable, and void. ***See Wolfe***, ***supra*** at 663.

imprisonment. This timely appeal followed the denial of Appellant's post-sentence motion.[6]

Appellant presents two questions for our review:

> I. Did the court err in re-sentencing the [A]ppellant on the charges of statutory aggravated indecent assault and statutory sexual assault where the court at the original sentencing hearing held that those charges merged with involuntary deviate sexual intercourse and the Commonwealth failed to appeal this decision; thus was the sentence final and the re-sentencing on these merged charges violate the double jeopardy provisions of the 5th and 14th [A]mendment to the United States Constitution and Article 1 Section 10 of the Pennsylvania constitution?

> II. Did the court impose a harsh and excessive sentence in this case, because the guidelines for statutory aggravated indecent assault and statutory involuntary deviate sexual intercourse are unreasonable and have no logical foundation?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).[7]

In his first claim, Appellant argues that he cannot be resentenced because at the first sentencing the court asserted that the offense of statutory sexual assault and aggravated indecent assault merged with involuntary

_____

[6] Appellant filed a court-ordered statement of errors complained of on appeal. The trial court filed an opinion on November 21, 20017. *See* Pa.R.A.P. 1925.

[7] We note that counsel for Appellant has failed to comply with Pennsylvania Rule of Appellate Procedure 2116, which mandates, in pertinent part, that: "The statement of the questions involved must state **concisely** the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a) (emphasis added). Counsel also omits a properly ordered formal statement of the standard of review and scope of review for each of the issues raised. *See* Pa.R.A.P. 2111(a)(3).

deviate sexual intercourse for purposes of sentencing. (***See*** Appellant's Brief, at 4-12).[8] Appellant maintains that resentencing him now would constitute double jeopardy in violation of the United States and Pennsylvania Constitutions.[9] (***See id.*** at 9). We disagree.

An issue involving a constitutional right is a question of law for which our standard of review is *de novo*, and our scope of review is plenary. ***See Commonwealth v. Baldwin***, 58 A.3d 754, 762 (Pa. 2012).

Appellant's chief, if not only, argument for unconstitutionality is that re-sentencing on the charges of statutory sexual assault and aggravated indecent assault violated the prohibition against double jeopardy because the court said at sentencing that the charges merged, and the Commonwealth did not challenge or appeal from this statement, which the trial court now disclaims. (***See*** Appellant's Brief, at 9-12).

_____

[8] It is noteworthy that the sentencing court now considers that its initial determination of merger was legally incorrect, and in any event was only adopted to achieve a particular sentencing scheme. (***See*** Trial Court Opinion, 11/21/17, at 7-8).

[9] In pertinent part, the double jeopardy clause of the Fifth Amendment provides that: "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. The Fourteenth Amendment provides, *inter alia*, the right to due process. ***See*** U.S. Const. amend. XIV.

Section 10 of the First Article of the Pennsylvania Constitution provides, in pertinent part: "No person shall, for the same offense, be twice put in jeopardy of life or limb[.]" Pa. Const. art. I, § 10.

First, other than caselaw cited for general principles not at issue in this appeal, Appellant fails to develop an argument supported by any pertinent authority that the sentences do in fact merge, or that the Commonwealth had some otherwise unspecified duty to appeal the trial court's statement, let alone to establish a violation of the constitutional prohibition.

Appellant cites **United States v. DiFrancesco**, 449 U.S. 117, 132 (1980), but candidly concedes that the United States Supreme Court, in applying a provision of the Organized Crime Control Act of 1970, decided that the Government's appeal of a defendant's sentence pursuant to that statute did **not** offend double jeopardy principles. **See id.** at 132; (**see also** Appellant's Brief, at 10-11).[10]

Accordingly, Appellant's constitutional claim is waived. **See** Pa.R.A.P. 2119(a), (b); **see also Commc'ns Network Int'l, Ltd. v. Mullineaux**, 187

---

[10] Additionally, Appellant cites **Commonwealth v. Nickens**, 923 A.2d 469 (Pa. Super. 2007). (**See** Appellant's Brief, at 11). **Nickens** is a criminal procedure case, which chiefly addresses Pa.R.Crim.P. 721(B)(1) (Commonwealth motion for modification of sentence shall be filed no later than 10 days after imposition of sentence). **See id.** at 472. It has nothing to do with constitutional claims, or the merger of offenses. Appellant also cites **Commonwealth v. Williams**, 920 A.2d 887 (Pa. Super. 2007). (**See** Appellant's Brief, at 11). **Williams** held as a matter of law that separate sentences for weapons offenses did **not** merge. **See Williams**, **supra** at 891. Appellant cites a third case, **Commonwealth v. Jones**, 912 A.2d 815, 816 (Pa. 2006). (**See** Appellant's Brief, at 12). **Jones**, a plurality decision, has since been **abrogated**. **See Commonwealth v. Baldwin**, 985 A.2d 830, 834 (Pa. 2009); **see also Commonwealth v. Raven**, 97 A.3d 1244, 1249–50 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (recognizing abrogation of **Jones** by **Baldwin**).

A.3d 951, 965 (Pa. Super. 2018) (claim waived when appellant offers no controlling authority in support).

Moreover, it would not merit relief. Under Pennsylvania law, double jeopardy does not preclude resentencing, even if the sentencing scheme is revised or, unlike here, enhanced. *See **Commonwealth v. Bartrug***, 732 A.2d 1287, 1289 (Pa. Super. 1999), *appeal denied*, 747 A.2d 896 (Pa. 1999) (citing ***Pennsylvania v. Goldhammer***, 474 U.S. 28 (1985)); *see also **Commonwealth v. Wilson***, 934 A.2d 1191, 1196 (Pa. 2007) ("We agree with the Commonwealth that Appellee had no legitimate expectation of finality in his sentence after he has filed an appeal therefrom."); ***Commonwealth v. Goldhammer***, 517 A.2d 1280, 1283 (Pa. 1986), *cert. denied*, 480 U.S. 950 (1987) ("We hold therefore, that where a defendant appeals a judgment of sentence, he accepts the risk that the Commonwealth may seek a remand for resentencing thereon if the disposition in the appellate court upsets the original sentencing scheme of the trial court.").

> When the original sentence was vacated, the sentence was rendered a **legal nullity** and there is no controlling authority precluding the Commonwealth from presenting sentence enhancement evidence on remand. This is true regardless of the fact that the punishment was imposed upon a single count of delivery of a controlled substance and arises instead from the procedural posture of the case at bar, *i.e.,* a vacation of sentence and a remand for a new sentencing hearing.

***Wilson***, ***supra*** at 1196 (emphasis added).

Additionally,

Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary.

***[ ] Baldwin***, [***supra at***] 833 [ ] (case citations and internal quotation marks omitted).

Section 9765 of the Judicial Code provides that:

No crimes shall merge for sentencing purposes unless the crimes arise from **a single criminal act** and **all of the statutory elements of one offense are included** in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

Our Supreme Court in ***Baldwin*** concluded that:

A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are **based on a single criminal act** unless all of the statutory elements of one of the offenses are included in the statutory elements of the other.

***Baldwin, supra*** at 837 (footnote omitted).

***Commonwealth v. Calhoun***, 52 A.3d 281, 284 (Pa. Super. 2012), *appeal denied*, 67 A.3d 793 (Pa. 2013) (emphases added; footnote omitted).

Here, furthermore, it is important to recognize that Appellant's crimes are not based on a single act. (***See*** Trial Ct. Op., at 7 n.15). To the contrary, they are based on multiple acts, which Appellant fails to differentiate. Separate crimes of acts committed on separate occasions do not implicate

- 11 -

double jeopardy. **See Commonwealth v. Adams**, 442 A.2d 277, 280 (Pa. Super. 1982). Appellant's claim does not merit relief.

Moreover, this Court has held that when an illegal sentence has been imposed, the sentence must be corrected. Resentencing to correct an illegal sentence does not implicate double jeopardy. **See Commonwealth v. Kratzer**, 660 A.2d 102, 104-05 (Pa. Super. 1995), *appeal denied*, 670 A.2d 643 (Pa. 1996) (no double jeopardy violation implicated where, as here, aggregate sentence on resentencing did not exceed original aggregate sentence).

It is well settled that if a trial court errs in its sentence on one count in a multi-count case, then all sentences **for all counts** will be vacated so that the court can restructure its **entire sentencing scheme**. **See Commonwealth v. Vanderlin**, 580 A.2d 820, 831 (Pa. Super. 1990).

This has been held true even where Appellant specifically limits his appeal to one particular illegal sentence based upon one bill of information and does not appeal sentences based upon other bills of information, where those sentences are part of a common sentencing scheme. **See Commonwealth v. Sutton**, 583 A.2d 500, 502 (Pa. Super. 1990), *appeal denied,* 596 A.2d 156 (Pa. 1991). Appellant's first claim is waived and does not merit relief.

Appellant's second claim challenges the discretionary aspects of his sentence. (*See* Appellant's Brief, at 13-17). We conclude that Appellant has failed to present a substantial question.

Chiefly citing **Commonwealth v. Miller**, 835 A.2d 377 (Pa. Super. 2003), Appellant correctly observes that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion. Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal and an appellant's appeal should be considered a petition for allowance of appeal. Before a challenge to a judgment of sentence will be heard on the merits, an appellant first must set forth in his or her brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his or her sentence. [*S*]*ee* . . . Pa.R.A.P. 2119(f). . . .
>
> In addition, an appellant must show that there is a substantial question as to whether the imposed sentence was inappropriate under the Sentencing Code. **See** . . . 42 Pa.C.S.A. § 9781(b). Whether an issue raises a substantial question is a determination that must be made on a case-by-case basis; however, in order to establish a substantial question, the appellant generally must establish that the sentencing court's actions either were inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process.

*Id.* at 380 (case citations omitted).

Here, in his Rule 2119(f) statement, Appellant contends that the Sentencing Guidelines are "illogical." (Appellant's Brief, at 13). This claim fails to raise a substantial question that the sentence imposed is inconsistent with either a specific provision of the Sentencing Code or a fundamental norm of the sentencing process.

Instead, through selected comparisons of guideline sentences, Appellant argues, in effect, that the Sentencing Guidelines provide more severe punishment for certain sex offenses committed with a minor under the age of sixteen than for comparable acts with older teenagers or adults. He posits that the IDSI statute makes no distinction between "forcible sex and statutory sex." (***Id.***). Therefore, he concludes, the sentence imposed "has no logical foundation." (***Id.***). We disagree.

In his previous direct appeal, Appellant made a similar argument that disparate sentences made his sentence unconstitutional. However, our Supreme Court has rejected this species of claim, employing a rational basis test: "[U]nder a rational basis analysis, the government need not have articulated the purpose or rationale supporting its action; it is enough that some rationale may conceivably . . . have been the purpose and policy of the relevant government decision[-]maker." ***Commonwealth v. Albert***, 758 A.2d 1149, 1152 (Pa. 2000) (citations and internal quotation marks omitted).

Here, Appellant's assertion overlooks the obvious distinction that our Legislature has elected to protect minor children by establishing enhanced punishment for those who commit sex offenses against them, irrespective of whether the child consented. Our Supreme Court has explained:

> We agree with the Commonwealth that the subject legislation serves a legitimate state interest, *i.e.*, to protect minors younger than 16 years of age from older teenage and adult sexual aggressors. Such an interest recognizes that older, more mature individuals are in a position that would allow them to take advantage of the immaturity and poor judgment of very young

minors. Moreover, we believe that the subject legislation is reasonably related to accomplishing such interest. The legislation is specifically tailored to prevent older teens and adults from preying upon very young minor victims, while recognizing that persons closer in age may be involved in lawful social and sexual relationships. Thus, the legislation meets the rational basis test.

*Id.* at 1154.

Accordingly, Appellant's challenge to the discretionary aspects of his sentence fails in its fundamental premise. The variations in sentencing noted by Appellant **do** have an obvious logical foundation, the protection of minor children. Furthermore, our predecessor panel observed:

> First, the fact that discrepancies exist within the Crimes Code and the Code's sentencing provisions does not render a particular mandatory minimum sentence unconstitutional. The fact that the General Assembly has not enacted a mandatory minimum sentence for one particular crime, one which Elia feels is more severe, does not, *ipso facto,* mean that the mandatory minimum sentence for IDSI is constitutionally infirm. Second, the absence of force or coercion does not render the mandatory minimum statute unconstitutionally disproportionate to Elia's conduct. The Commonwealth has a legitimate state interest in protecting minors younger than sixteen years old from adult sexual aggressors. ***Commonwealth v. Albert****,* [***supra*** at] 1154 [ ]. To that end, the General Assembly has chosen to punish those offenders uniformly with a mandatory minimum sentence, **regardless of whether the victim consented or was coerced into the sexual contact.** The absence of consent in one particular case does not vitiate the General Assembly's reasonable punitive goal. **Moreover, the absence of consent or coercion does not, by itself, give rise to a reasonable inference that the sentence was grossly disproportionate.**

> Elia engaged in oral sex with a fourteen-year-old girl when he was twenty-five years-old. Whether forced or not, this was the type of conduct that the General Assembly chose to criminalize and sought to deter and punish through the enactment of 42 Pa.C.S. § 9718(a). The punishment is not grossly disproportionate to that crime merely because Elia did not force

the victim to engage in oral sex. It is the oral sex itself, however it occurs, that the General Assembly intended to punish. Such a determination is evinced by the fact that lack of consent is not an element of, and has no bearing upon, IDSI with a child under the age of sixteen. *See* 18 Pa.C.S. §§ 3213(a)(7), 3101.

\* \* \*

The crime committed remains severe. A lengthy sentence is a constitutional means to punish and deter offenders. The increase in the length of the sentence does not, by itself, induce us to conclude that the sentence raises meaningful constitutional concerns. . . . Elia has failed to establish a reasonable inference that the statute is grossly disproportionate[.]

(**Elia**, **supra** at 83 A.3d at 269–70 (emphases added)).

Appellant has failed to present a substantial question about the discretionary aspects of his sentence.[11]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/18

---

[11] Accordingly, it is unnecessary for us to review Appellant's argument that his sentence is excessive, and we decline to do so.